# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,          :
               Petitioner     :
                            :
           v.               :    No. 2497 C.D. 2015
                            :    Submitted: May 6, 2016
Pennsylvania Department of       :
Corrections,                     :
               Respondent    :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION**
**BY JUDGE COHN JUBELIRER**           **FILED: July 29, 2016**


      Bruce L. Wishnefsky (Wishnefsky) petitions for review of the November 4, 2015 Final Determination (Determination) issued by the Pennsylvania Office of Open Records (OOR). OOR denied Wishnefsky's appeal of the Department of Corrections' (Department) denial of Wishnefsky's request for invoices regarding the cost of a medical device. After careful review of the record, we vacate OOR's Final Determination and remand for proceedings consistent with this opinion.

      Wishnefsky is incarcerated at the State Correctional Institution (SCI) Laurel Highlands. On August 26, 2015 Wishnefsky submitted three requests for records to the Department pursuant to the Right-to-Know Law (RTKL).[1] Wishnefsky

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

placed all three requests in one envelope and addressed it to the Department's Open Records Officer. The Department treated the three requests as one and on August 28, 2015 issued an interim response extending the final response date to October 2, 2015. Relevant to this matter, Wishnefsky sought the following (Request):

> (1) any record, including, but not limited to, a purchase order or invoice, that shows the price paid by the Department for the Hernia Support manufactured and /or distributed by Hermell Products, Inc.

> (2) any record, including, but not limited to, a purchase order or invoice, that shows the price paid by Correct Care Solutions, LLC, for use under the contract it has with the Department, for the Hernia Support manufactured and /or distributed by Hermell Products, Inc.

(Certified Record (CR) at Item 1.) On September 30, 2015, the Department denied the Request on the basis that the Request did not seek public records because it posed a question seeking an explanation regarding the application of laws or procedures to a specific set of facts. (Id.)

Wishnefsky appealed to OOR. In his appeal, he stated that two of three requests he submitted to the Department contained the identical language "any record, including, but not limited to, a purchase order or invoice, that shows the price paid" for two different items, the hernia support referenced above and for an "RCA 19 inch LED TV with remote." (Id.)[2] Wishnefsky noted that the Department provided records showing the cost of the television but denied the

---

[2] Wishnefsky's Petition for Reconsideration addressed to OOR provides insight into the requests for the price of the various items. He states in the attached verification that "[i]f an inmate negligently damages a health care item such as the hernia support belt at issue here he could be assessed for the cost of its replacement by the [Department]." (CR at Item 5.)

2

Request on the basis that he posed a question even though he used the identical language regarding both the hernia support and the television. He asserted that the Department "should be required to explain why it was able and willing to provide the requested [record for the television but not for the hernia support when both requests sought] a purchase order or invoice." (Id.)

OOR on October 16, 2015 sent an Official Notice of Appeal by e-mail to the Department's Open Records Officer and by First Class mail to Wishnefsky. The Notice provided that any information and legal argument must be submitted not later than 11:59:59 p.m. seven business days from the date of the Notice and that items mailed and received after 5 p.m. will be treated as having been received the next business day. *The Notice also advised that the agency is permitted to assert exemptions not asserted in the agency's initial denial*, citing Levy v. Senate of Pennsylvania, 65 A.3d 361 (Pa. 2013). (CR at Item 2.)

On the seventh business day after the Notice, October 27, 2015, the Department submitted a letter with two declarations made under penalty of perjury in support of its denial of the Request in which it asserted new reasons for its denial of the Request. The Department asserted that "the requested record does not exist within the Department's custody, possession or control." (Id. at Item 3.) The first declaration was executed by the Department's Acting Director of the Bureau of Health Care Services who attested that "[a]fter reasonable search, no responsive records exist within the Department's custody, possession or control." (Id.) The second declaration was executed by the Regional Vice President of the current contractor for health care services for the Department who attested that the company does not contract with the hernia support manufacturer directly but instead goes through a third party who obtains the hernia support from the

3

manufacturer such that neither the Department nor its contractor directly pays the manufacturer. (Id.)

For these reasons, the Department argued that it could not produce a record that did not exist in its possession and thus properly denied paragraph (1) of the Request; and that it properly denied paragraph (2) of the Request as it was not required to obtain a record from its contractor where that record does not directly relate to the contractor's performance of providing medical services. No mention was made of the rationale for denying the Request initially set forth in the Department's September 30, 2015 final response. The Department filed its October 27, 2015 letter and declarations with OOR via e-mail and served Wishnefsky by mail. (Id.)

On November 4, 2015, Wishnefsky replied to the Department's October 27, 2015 OOR filing, which he stated he received on November 2, 2015. (CR at Item 5.) In his November 4, 2015 Reply, Wishnefsky requested that OOR take judicial notice of an OOR Final Determination (Docket No. AP-2011-0171), which involved a request for an invoice submitted by Somerset Hospital to then Department contractor Prison Health Services for in-patient treatment for Wishnefsky that occurred in 2007. Based on the facts of that matter, Wishnefsky argued that it was reasonable to conclude that, even if the records he seeks in the instant matter are not in the possession of declarant, the Department's Acting Director of the Bureau of Health Care Services, it was reasonable to infer based on the earlier matter that the invoice for the hernia support Wishnefsky seeks here was in the possession, custody or control of another administrator at SCI-Laurel Highlands. (CR at Item 5.)

4

However, also on November 4, 2015, the same day Wishnefsky sent his Reply to the new assertions of the Department, OOR issued its Final Determination denying Wishnefsky's appeal. As to the Department's claim that it did not possess records responsive to the Request, OOR relied upon the declaration executed by the Department's Acting Director of the Bureau of Health Care Services attesting that a search was conducted and that the Department did not possess any responsive records. OOR noted that under the RTKL, a statement made under the penalty of perjury may serve as sufficient evidentiary support for the nonexistence of records, citing Sherry v. Radnor Township School District, 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011). (Final Determination at 4.) OOR noted further that in the absence of any competent evidence that the Department acted in bad faith or that the records exist, "the averments in [the declaration] should be accepted as true." (Id., citing McGowan v. Dep't of Envtl. Prot., 103 A.3d 374, 382-83 (Pa Cmwlth. 2014).) OOR concluded that based upon the evidence provided, the Department met its burden of proving that it does not possess the requested records. (Final Determination at 4.)

As to the Department's claim that it was not required to obtain a record from its contractor where that record does not directly relate to the contractor's performance of providing medical services, OOR noted that certain records in the possession of a third-party government contractor are subject to disclosure under RTKL Section 506(d)(1), 65 P.S. § 67.506(d)(1),[3] citing Allegheny County

---

[3] **(d) Agency possession.--**

(1) A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the

*(Continued…)*

5

Department of Administrative Services v. A Second Chance, Inc., 13 A.3d 1025, 1039 (Pa. Cmwlth. 2011) (holding that records "in the possession of a party with whom an agency has contracted to perform a governmental function on behalf of the agency" are presumptively public records subject to public access, "so long as the record (a) directly relates to the governmental function and (b) is not exempt under the RTKL."). (Final Determination at 4-5.) OOR then examined our decision in Buehl v. Office of Open Records, 6 A.3d 27, 31 (Pa. Cmwlth. 2010), another decision involving the Department in which we held that records in a private, third party's possession regarding the costs it paid for goods it would re-sell at the commissary did not directly relate to a governmental function. In OOR's view, Wishnefsky here sought records similar to those in Buehl. OOR thus held that to the extent that a third-party contractor, whether it be the current contractor for health care services for the Department or a subcontractor, possesses the requested records, those records do not directly relate to the governmental function of providing medical care to inmates, and thus the records are not subject to public access under Section 506(d)(1) of the RTKL. (Final Determination at 5.)

After receiving the OOR's Final Determination, Wishnefsky petitioned OOR for reconsideration on November 16, 2015. (CR at Item 5.) He raised three arguments in his Petition for Reconsideration: (1) the Pennsylvania Supreme Court reversed this Court's decision in Dental Benefit Providers, Inc. v. Eiseman, 86 A.3d 932 (Pa. Cmwlth. 2014), aff'd 124 A.3d 1214 (Pa. 2015)[4] upon which OOR

---

governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

65 P.S. § 67.506(d)(1).
[4] Cited by Wishnefsky in his Petition as "Commonwealth v. Eiseman."

relied in its November 4, 2014 Final Determination, and that the Supreme Court held that documents required to be submitted to an agency reflecting the rates its medical care contractors pay their subcontractors are financial records under the RTKL, and that the subcontracts containing those rates deal with the agency's disbursements of public funds to provide access to healthcare to the agency's population as well as to meet its own obligations under federal law;[5] (2) the Department's change in the basis for denying the Request from the original September 30, 2015 denial to the October 27, 2015 OOR submission denied him the opportunity to be heard in violation of the due process clause of the 14th Amendment because he did not receive that submission until November 2, 2015; and, (3) he had provided to OOR the additional legal argument based on the previous OOR Final Determination concerning the invoice for his 2007 treatment at Somerset Hospital. Accompanying the Petition for Reconsideration were a copy of Wishnefsky's November 4, 2015 Reply, a verification dated November 12, 2015 in which Wishnefsky among other things stated that he was advised by an employee of the Department's current contractor for health care services that the

---

[5] Wishnefsky's Petition for Reconsideration cites the Supreme Court's slip opinion as detailed in a weekly legal publication. From our review of that decision as reported in the Atlantic Reporter, we conclude that he references the following from the opinion:

> we do not find it useful to consider the downstream point at which public funding transforms into private monies. Rather, our focus remains upon our conclusion that records which were required to be submitted to and approved by [the Department of Public Welfare], and which reflect the central means of implementing a core departmental function, are records "dealing with" [the Department of Public Welfare's] disbursement of public monies and its responsibility to afford access to healthcare services in furtherance of the public interest.

Dep't of Pub. Welfare v. Eiseman, 125 A.3d 19, 33 (Pa. 2015).

7

replacement cost for the hernia support is $24.00, a copy of a Department "Health Care Item(s) Receipt" for the hernia support apparently issued to Wishnefsky, and information from the hernia support manufacturer's website. (CR at Item 5.)

OOR denied Wishnefsky's Petition for Reconsideration by a two-sentence letter dated November 20, 2015. The denial did not address any of the issues raised in Wishnefsky's November 4, 2015 Reply or in his Petition for Reconsideration. (CR at Item 6.) This appeal followed.[6]

Before this Court,[7] Wishnefsky raises five issues, which we present with minimal editing: (1) did OOR err when it denied his request for any record that shows the price paid by the Department for the hernia support belt on the basis that he does not seek a public record because it poses a question that seeks an explanation regarding the application of laws or procedures to a specific set of facts, when the Department made no effort to justify this position in the appeal to the OOR; (2) did OOR err when the Department changed its position without any explanation to claim that it does not possess the records regarding the hernia support, and the OOR took this at face value, even though before the Final Determination was issued, the Supreme Court wrote in Department of Public Welfare v. Eiseman, 125 A.3d 19, 29 (Pa. 2015), that this type of response is "not well taken" when the agency did not claim non-possession in its initial response;

---

[6] Wishnefsky seeks review of OOR's November 4, 2015 Final Determination and did not appeal from OOR's denial of his Petition for Reconsideration. OOR certified as part of the record all of the filings received from the parties including those which it received after the November 4, 2015 Final Determination. As we apply the broadest scope and standard of review under the RTKL, see Bowling v. Office of Open Records, 75 A.3d 453, 473-74 (Pa. 2013), we may consider all of the materials certified to us.

[7] Our standard of review of an OOR Final Determination is de novo and our scope of review is plenary. Hunsicker v. Pa. State Police, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

8

(3) did OOR err in making its Final Determination without merits input from Wishnefsky in violation of procedural due process; (4) did OOR err in failing to take judicial notice of its records in another OOR proceeding between the same parties; and, (5) did OOR err when it failed to consider [the Supreme Court's Eiseman decision], instead of the Commonwealth Court decision in the same case that had been reversed.[8] However, because of our disposition of this matter, we will address only Wishnefsky's due process contention.

Wishnefsky asserts that OOR erred in making its Final Determination without merits input from him in violation of procedural due process. Essentially, Wishnefsky argues that the Department's October 27, 2015 filing asserted new and different justifications for denying his Request, and the OOR affirmed that denial without allowing him to reply to, or address, those new justifications. This he asserts was a denial of due process.

We addressed the concept of due process and the RTKL extensively in State Employees' Retirement System v. Pennsylvanians for Union Reform, 113 A.3d 9 (Pa. Cmwlth. 2015) (PFUR). Therein Pennsylvanians for Union Reform (PFUR) argued that its due process rights were violated because OOR did not afford PFUR an opportunity to challenge the submissions of the third parties. We stated:

> As our Supreme Court acknowledged in Bowling, the expedited procedures established by the General Assembly in the RTKL for review of appeals before an OOR appeals officer are less formal and

---

[8] The Department in its responsive brief argues that OOR correctly denied Wishnefsky's appeal because the Department does not possess the record requested, and the price paid for a hernia support does not directly relate to the performance of the contract between the Department's current contractor for health care services and the Department. It does not address Wishnefsky's arguments except for his contention that OOR relied on Eiseman after it was reversed by the Supreme Court.

less robust than those that typically govern the administrative agency adjudicatory process. See Bowling [v. Office of Open Records], 75 A.3d [453,] 473 [(Pa. 2013).] "[T]he essential elements of due process in an administrative proceeding are notice and an opportunity to be heard." McFadden v. Unemployment Comp. Bd. of Review, 806 A.2d 955, 958 (Pa. Cmwlth. 2002). **There can be no doubt that the RTKL, even under its expedited framework, provides notice and an opportunity to be heard to a requester.**

PFUR, 113 A.3d at 20 (emphasis added).

Here, Wishnefsky was not afforded an opportunity to be heard and to answer the Department's submission to OOR, which asserted new and different reasons to support its denial of his Request.[9] This case is therefore different than PFUR. The Department's initial September 30, 2015 denial letter asserted that Wishnefsky's Request posed a question seeking an explanation regarding the application of laws or procedures to a specific set of facts and thus did not seek a record. Wishnefsky

---

[9] Wishnefsky is correct that the Department offered a different basis for denying the Request before OOR on appeal than it did in the initial denial. However, as stated in OOR's Official Notice of Appeal, the Department is permitted to assert exemptions not asserted in the Department's initial denial in accordance with our Supreme Court's decision in Levy. Accordingly, the Department did not waive the arguments made to OOR when it did not assert them in the initial denial letter to Wishnefsky.

Wishnefsky cites a snippet of the Supreme Court's subsequent decision in Department of Public Welfare v. Eiseman, 125 A.3d at 29, in which the Court states that an assertion of non-possession is "not well taken" when the agency did not claim non-possession in its initial response. An agency should determine whether it possesses the record without unreasonable delay, and it should be a rare occasion when an agency does not assert lack of possession in its initial denial where appropriate, particularly where the additional 30-day period to respond to RTKL requests is invoked. In Eiseman, the Department of Public Welfare (now the Department of Human Services) did not assert non-possession in its initial denial, at any time during an extensive hearing before OOR, or during appellate review of that record by this Court, but asserted non-possession of the record for the first time on discretionary review to the Supreme Court. Id. In contrast, here, although the Department did not assert non-possession in its initial denial, it did in its appeal to the OOR. Thus, the Court's statement in Eiseman does not change the result here in that regard.

in his appeal to OOR squarely addressed the dichotomy of the Department providing the record for the television but denying the Request for the hernia support notwithstanding that the two requests contained identical language. In its response filed on the last day permitted under OOR's Official Notice of Appeal, the Department asserted a new rationale for denying the Request and served OOR by e-mail and Wishnefsky by U.S. mail. Upon receipt of the Department's newly asserted rationale for denying the Request, Wishnefsky quickly attempted to respond and to bring the prior OOR decision involving what he claimed to be a similar circumstance to OOR's attention, again squarely questioning the new basis of the Department's denial.[10] However, OOR issued its Final Determination on

---

[10] In <u>Wishnefsky v. Department of Corrections</u>, Docket No. 2011-0171, Final Determination issued March 15, 2011, OOR denied Wishnefsky's appeal from the Department's denial of his four requests for invoices "for [his] inpatient treatment." (March 15, 2011 Final Determination at 1-2.) Before OOR, the Department asserted the non-existence of records responsive to three of the requests. As to the fourth, the Department submitted the Attestation of the Corrections Health Care Administrator at SCI-Laurel Highlands who averred that there were five pages of responsive invoices that contained patient name, date of birth, date of admission and address; medical account information; description of medical services/tests provided and units of service; cost of itemized service; total cost for provision of medical care; and identity of medical providers, including physician names. The Administrator further attested that the invoices were created by Somerset Hospital and received by the Department's contractor, Prison Health Services, Inc., and related to the health or condition of an identified individual. (<u>Id.</u> at 2.)

Based on the Attestation the Department contended that the identification of the individual with health information on invoices was sufficient to protect them from disclosure under RTKL Section 708(b)(5), 65 P.S. § 67.708(b)(5), and that the invoices could not be redacted in a manner that would preclude identification of treatment with an individual. (<u>Id.</u>) OOR concluded based on the language of Wishnefsky's request and the Attestation that "even if [the Department] redacts all but the cost and supplies that record to [Wishnefsky], it is releasing a record of an individual's medical care exempt under Section 708(b)(5)," and that "because the [r]equest is inextricably tied to [Wishnefsky's] own medical treatment and name, the OOR agrees with [the Department] that the invoices cannot be redacted in a manner that would preclude identification of treatment with an individual." (<u>Id.</u> at 5.)

Wishnefsky recognizes the distinction between the declarant in this matter, the Department's Acting Director of the Bureau of Health Care Services, and the attester in the

*(Continued…)*

11

November 4, 2015 the same day that Wishnefsky filed his Reply to the Department's new rationale. Upon receipt of the OOR's Final Determination, Wishnefsky quickly filed a Petition for Reconsideration to which he attached his November 4, 2015 Reply, and in which he raised the additional issues outlined above, which OOR perfunctorily denied.

Section 1101 of the RTKL provides that a requestor appealing from an agency determination "shall address any grounds stated by the agency for delaying or denying the request." 65 P.S. § 67.1101(a)(1). In Levy, the Supreme Court examined this section in the context of deciding whether an agency waives reasons for non-disclosure that were not stated in the agency's initial denial of a RTKL request. Levy, 65 A.3d at 380-83. The Senate, arguing against finding waiver, maintained that the requester would not be prejudiced by the addition of new reasons, because the appeals officer can set a schedule allowing for the requester to respond within the permitted timeframe. In holding that there was no waiver, the Supreme Court balanced the need for liberal construction of the RTKL to effectuate the "overriding legislative intent of transparency of government and speedy resolution of requests," with the legislative intent to shield numerous categories to protect "the Commonwealth's security interests and individuals' privacy rights." Id. at 381-82. The Court nonetheless recognized that "the

_____

earlier matter, the Corrections Health Care Administrator at SCI-Laurel Highlands who was identified as the custodian for the medical invoices/treatment records, (id. at 2), and posits that as in that earlier matter, the record he seeks may be found in the possession of that latter individual. Although OOR accepted the Declaration in this matter as sufficient evidentiary support for the nonexistence of records, citing Sherry, 20 A.3d at 520-21, and noted further that in the absence of any competent evidence that the Department acted in bad faith or that the records exist, "the averments in [the declaration] should be accepted as true," citing McGowan, 103 A.3d at 382-83, Wishnefsky's identification of the earlier matter and the circumstances presented therein may provide evidence to the contrary that OOR should have considered.

efficiency of the RTKL process arguably results in informality bordering on lack of due process regarding the protections provided by the RTKL." Id. at 382.

This case illustrates how the addition of a new reason for denying a request after the appeal, can result in prejudice to the requester, where the OOR does not consider the requester's response. But for OOR's issuing the Final Determination here at issue on November 4, 2015, Wishnefsky's Reply to the Department's newly announced reason for the denial of Wishnefsky's Request could have been considered by OOR because it was filed well within the thirty day period within which OOR is required to issue its decision.[11] When Wishnefsky's Reply was not considered in OOR's Final Determination, he timely filed the Petition for Reconsideration. Thus, the combination of the Department asserting a new and different reason for denying the Request, exacerbated by the disparity in each party's ability to receive and file documents in the proceeding, and the OOR not considering Wishnefsky's response, either when filed or on reconsideration, resulted in Wishnefsky not receiving an opportunity to be heard by OOR[12], and not being able to address "*any* grounds stated by the agency for . . . denying the request." 65 P.S. § 67.1101(a)(1) (emphasis added).

In Bowling, the Supreme Court affirmed that this Court is "the ultimate finder[] of fact and that [we] are to conduct full *de novo* reviews of appeals from decisions made by RTKL appeals officers. . . ." Bowling, 75 A.3d at 474. Our standard of review thus is de novo and our scope of review is plenary. Id.;

---

[11] Section 1101(b)(1) of the RTKL, 65 P.S. § 67.1101(b)(1), provides that OOR must make a final determination within thirty days of receipt of an appeal unless the requester agrees to a different timeframe. OOR would therefore have had until November 16, 2015 to issue its final determination in Wishnefsky's appeal.

[12] See PFUR, 113 A.3d at 20 ("There can be no doubt that the RTKL, even under its expedited framework, provides notice and an opportunity to be heard to a requester.").

Hunsicker v. Pa. State Police, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014). Although we could conduct our own review of the materials Wishnefsky submitted to OOR, it is more appropriate for OOR to perform this initial fact-finding function. We therefore will vacate the November 4, 2015 Final Determination and remand this matter to OOR with instructions to address the issues raised by Wishnefsky in response to the Department's changed rationale for its denial of Wishnefsky's Request.[13]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[13] We note that the Petition for Reconsideration contains a reference to the Supreme Court's decision in Department of Public Welfare v. Eiseman, 125 A.3d 19 (Pa. 2015), for the proposition that documents required to be submitted to an agency reflecting the rates its medical care contractors pay their subcontractors are financial records under the RTKL, and that the subcontracts containing those rates deal with the agency's disbursements of public funds to provide access to healthcare to the agency's population as well as to meet its own obligations under federal law. Given that the Supreme Court's decision was issued shortly before OOR's Final Determination in this matter and is not cited by OOR, and that it addresses the issue of whether an agency was required to obtain records from its third-party contractor, it was error not to address this decision on Reconsideration. See also, SWB Yankees LLC v. Wintermantel, 45 A.3d 1029, 1044 n.19 (Pa. 2012) ("in the context of a government agency's wholesale delegation of its own core governmental function to another entity, we find that a reasonably broad perspective concerning what comprises transactions and activities of the agency should be applied.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,              :
             Petitioner     :
                       :
           v.           :   No. 2497 C.D. 2015
                       :
Pennsylvania Department of    :
Corrections,               :
             Respondent   :

# **O R D E R**

**NOW**, this 29th day of July, 2016, the November 4, 2015 Final Determination of the Pennsylvania Office of Open Records is VACATED, and this matter is REMANDED for proceedings consistent with this Opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge