# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,                       :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 481 C.D. 2016
                                           : Submitted: July 29, 2016
Pennsylvania Department of                 :
Corrections,                               :
                                           :
                    Respondent             :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  September 14, 2016**


Bruce L. Wishnefsky (Petitioner) petitions, *pro se*, for review of a final determination of the Office of Open Records (OOR) that denied his appeal under the Right-to-Know Law[1] on the grounds that the Department of Corrections (Department) had satisfied its burden of proving that it had no records responsive to Petitioner's request.   We affirm.

On December 11, 2015, Petitioner, an inmate incarcerated at the State Correctional Institution at Laurel Highlands, submitted to the Department a request under the Right-to-Know Law for

> the contract currently in effect between Somerset Hospital and Correct Care Solutions LLC, that deals with medical services provided to PA Department of Corrections inmates under the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

contract between Correct Care Solutions LLC, RFQ 6100030031, and the PA Department of Corrections, if such contract with Somerset Hospital is submitted to the PA Department of Corrections.

(Record Item (R. Item) 1, Petitioner's Appeal to OOR.) The Department denied this request on the ground that it sought trade secrets or confidential proprietary information exempt from disclosure under Section 708(b)(11) of the Right-to-Know Law, 65 P.S. § 67.708(b)(11). (R. Item 1, Petitioner's Appeal to OOR.)

Petitioner timely appealed this denial to OOR. (R. Item 1, Petitioner's Appeal to OOR.) In the position statement that it filed with the OOR on February 8, 2016, the Department did not contend that the requested record was exempt from disclosure, but asserted that it had determined after a search of its records that the contract between Somerset Hospital and Correct Care Solutions, LLC was not submitted to the Department and that it had no responsive records. (R. Item 6, Department Position Statement.) With this response, the Department submitted a declaration made under penalty of perjury by the Contract & Project Manager of the Department's Bureau of Health Care Services attesting that if the requested contract was submitted to the Department, it would be retained in the files within her custody and that "[a]fter a reasonable search, the Department does not possess the responsive records within our custody, possession or control." (*Id.*, Declaration of Jodie S. White.) On February 22, 2016, OOR denied Petitioner's appeal on the ground that the Department had met its burden to prove that "no responsive records exist in the Department's possession, custody or control." (R. Item 7, OOR Final Determination at 2.) This appeal followed.[2]

---

[2] Under the Right-to-Know Law, this Court exercises plenary, *de novo* review of OOR determinations involving Commonwealth agencies such as the Department. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

The Right-to-Know Law does not require government agencies to produce records that do not exist within their custody, possession, or control. *Sturgis v. Department of Corrections*, 96 A.3d 445, 446-48 (Pa. Cmwlth. 2014); *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192-93 (Pa. Cmwlth. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010); *see also* Section 705 of the Right-to-Know Law, 65 P.S. § 67.705 ("an agency shall not be required to create a record which does not currently exist"). An agency is required to provide access where a public record "not in the possession of an agency … is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and … directly relates to the governmental function and is not exempt." Section 506(d)(1) of the Right-to-Know Law, 65 P.S. § 67.506(d)(1). Petitioner's request, however, did not seek records in the possession of third parties that were never in the Department's possession. Rather, it requested "the contract currently in effect between Somerset Hospital and Correct Care Solutions, LLC, that deals with medical services provided to PA Department of Corrections inmates … <u>if such contract with Somerset Hospital is submitted to the PA Department of Corrections</u>." (R. Item 1, Petitioner's Appeal to OOR) (emphasis added). The declaration submitted by the Department satisfied its burden of showing that the requested contract was not submitted to the Department and that no responsive record therefore exists. *Sturgis*, 96 A.3d at 445-46; *Hodges*, 29 A.3d at 1192.

Petitioner argues that the Department's declaration must be rejected because the Department's initial response did not deny that the record was in its possession. We do not agree. The law is clear that an agency's failure to raise a contention in its initial response to a Right-to-Know Law request does not bar the agency from asserting that ground for denial before the OOR. *Levy v. Senate of*

3

*Pennsylvania*, 65 A.3d 361, 383 (Pa. 2013); *Wishnefsky v. Pennsylvania Department of Corrections*, __ A.3d__, __ n.9 (Pa. Cmwlth., No. 2497 C.D. 2015, filed July 29, 2016), slip op. at 10 n.9, 2016 WL 4061894 at *5 n.9.

*Department of Public Welfare v. Eiseman*, 125 A.3d 19 (Pa. 2015), on which Petitioner relies, is not to the contrary. In *Eiseman*, our Supreme Court held that an agency's denial that it possessed the requested records was "not well taken" when it was raised for the first time in the Supreme Court after the agency had not only failed to assert this contention in its initial denial, but also never raised it during an extensive hearing before the OOR and during appellate review in this Court. 125 A.3d at 29. That is entirely different from the situation here. *Wishnefsky*, __ A.3d at __ n.9, slip op. at 10 n.9, 2016 WL 4061894 at *5 n.9 (rejecting identical argument asserted by Petitioner here and holding that Department's failure to raise non-possession in its initial denial did not bar it from showing in Petitioner's appeal to OOR that it did not possess responsive records). Failure to raise a ground for denial in proceedings before the OOR, as was the case in *Eiseman*, unlike the failure to assert a ground in an initial denial, generally bars the agency from later raising that ground for denial on appeal. *Levy v. Senate of Pennsylvania*, 94 A.3d 436, 441-42 (Pa. Cmwlth. 2014) (although agency failure to raise an exemption in its denial of a request does not waive its right to argue that ground, grounds for nondisclosure not raised before the fact-finder in the appeal from its denial are waived), *appeal denied*, 106 A.3d 727 (Pa. 2014). In addition, there was evidence in *Eiseman* that the agency had the records in its possession or control notwithstanding its denial, as the agency required that the requested third-party documents be submitted to it. 125 A.3d at 29. Here, there is no evidence that the Department's contract with Correct Care Solutions LLC requires Correct

Care Solutions LLC to submit the requested Somerset Hospital contract to the Department.

Moreover, Petitioner has not shown that he was prejudiced by the Department's assertion of a different ground for denial before the OOR. The Department's OOR position statement and its declaration that no responsive records exist were filed and served on Petitioner on February 8, 2016, two weeks before OOR issued its decision on February 22, 2016. Petitioner did not seek to file any response with the OOR to the Department's new ground for denial and does not assert that he had arguments or materials concerning the new ground for denial that he was prevented from filing. This case thus stands in sharp contrast to Petitioner's appeal of the Department's denial of a different Right-to-Know Law request in *Wishnefsky,* where this Court vacated the OOR's decision because the timing of the Department's OOR submission deprived Petitioner of the opportunity to respond to the Department's new ground for denial of his request. __ A.3d at __, slip op. at 3-13, 2016 WL 4061894 at *2-*5 (OOR ruled on Petitioner's appeal eight days after Department asserted new ground and only two days after Petitioner received Department's filing, Petitioner sought to file a response to Department's new ground, but it was not received until after OOR decision, and OOR refused to grant Petitioner's request for reconsideration).

For the foregoing reasons, we affirm the final determination of the OOR.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce L. Wishnefsky,          :
                               :

            Petitioner      :
                               :

          v.            : No. 481 C.D. 2016
                               :

Pennsylvania Department of    :
Corrections,               :
                               :

           Respondent    :

# **O R D E R**

AND NOW, this 14th day of September, 2016, the final determination of the Office of Open Records is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**