IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judith Cassel and The Law Office of  :
Hawke McKeon & Sniscak, LLP,     :
             Petitioners   :
                         :
      v.                  :  No. 491 C.D. 2022
                         :
Department of Health (Office of    :
Open Records),              :
             Respondent  :  Argued:  December 12, 2022

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED:  January 10, 2023

Judith Cassel and The Law Office of Hawke McKeon & Sniscak, LLP (collectively, Requesters) petitions this court for review of the Final Determination Upon Reconsideration (Final Determination) of the Office of Open Records (OOR), which concluded that records sought under the Right-to-Know Law (RTKL)[1] were exempt from disclosure pursuant to Section 708(b)(17) of the RTKL[2] as they related to the Department of Health's (Department) non-criminal investigation into the safety of vaporized medical marijuana products (Products).  The issues on appeal are whether the OOR erred in concluding that all records withheld by the Department related to its non-criminal investigation or, in the alternative, whether the records at issue were no longer exempt from disclosure once the Department revoked its

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] 65 P.S. § 67.708(b)(17).

approval of certain Products. After careful review, we affirm in part and vacate in part the OOR's Final Determination, in part, and remand this matter to the OOR for an *in camera* review of the Department's records for purposes of determining the exemption status thereof.

## I. Background

The parties do not dispute the underlying facts in this matter. On November 16, 2021, as part of a non-criminal investigation by the Department into Products that contain additives, Sunny Podolak (Podolak), Assistant Director and Chief Compliance Officer of the Department's Office of Medical Marijuana (OMM), sent an email advising permitted medical marijuana growers and processors (Permittees) that they must submit any Products containing additives to the Department for approval, including Products that were previously approved.[3] Reproduced Record (R.R.) at 80a. Podolak sent Permittees a subsequent email on December 13, 2021, requesting information about the determined safety of any additives used in their Products.[4] *Id.* The responses provided by Permittees were used by the Department to evaluate Permittee compliance with the MMA, the Department's regulations, and other applicable laws. *Id.* at 81a. At the conclusion of its review, the Department notified Permittees on February 4, 2022, that they could no longer sell any Products containing additives not approved for inhalation by the United States Food and Drug

---

[3] Section 301(a)(1) of the Medical Marijuana Act (MMA), enacted by the Act of April 17, 2016, P.L. 84, *as amended*, 35 P.S. § 10231.301(a)(1), established a medical marijuana program that is implemented and administered by the Department. Section 301(a)(3) of the MMA explicitly grants the Department regulatory and enforcement authority over the growing, processing, sale, and use of medical marijuana. 35 P.S. § 10231.301(a)(3).

[4] Podolak's November 16 and December 12, 2021 emails do not appear in the certified record (C.R.) filed with this Court.

2

Administration (FDA) and that any such Products were subject to a mandatory recall. *Id.*

On December 22, 2021, Requesters submitted a RTKL request (Request) with the Department, seeking "[a]ll documents, correspondence, and all other emails, including but not limited to, internal and external emails, reports, complaints, and notes" related to:

1. the OMM's decision to use the FDA's inactive ingredient database to approve medical marijuana products;

2. the OMM's November 16, 2021 decision to require that Permittees submit Products for approval, including Products that were previously approved;

3. information that *did not* support the OMM's November 16, 2021 decision;

4. any investigation made by the Department prior to November 16, 2021, regarding the safety of terpene blends as an additive in medical marijuana products;

5. the Department's review of Products submitted for approval pursuant to Podolak's November 16, 2021 email;

6. Podolak's December 13, 2021 email to Permittees seeking information regarding the determined safety of additives used in Products; and

7. any material received in response to Podolak's December 13, 2021 email. *Id.* at 6a-7a.

On December 30, 2021, the Department advised Requesters that it was unable to locate any records responsive to Paragraph 1 of the Request. *Id.* at 9a. Although the Department provided records responsive to Paragraph 5 of the Request, it denied the Request with respect to Paragraphs 2-4, and 6-7, citing the exemption for non-criminal investigative records in Section 708(b)(17) of the RTKL. *Id.* at 9a-10a.

3

Requesters appealed to the OOR on January 20, 2022, arguing that the requested records were not exempt from disclosure under the RTKL or other legal authority. *Id.* at 24a. Requesters also challenged the Department's claim that no responsive records existed with respect to Paragraph 1 of the Request, and that the Department had produced all records responsive to Paragraph 5 of the Request. *Id.* at 25a-26a. Requester asserted that, at a minimum, the Department should be required to submit an exemption log indicating how each responsive record related to its non-criminal investigation, followed by an *in camera* review by an appeals officer, who would determine the exemption status of each record. *Id.* at 26a.

In its response to Requesters' appeal, the Department submitted an affidavit from Lisa Keefer (Keefer), the Department's Open Records Officer, in which Keefer detailed the process she undertook to identify the relevant records. *Id.* at 61a. After reviewing the results of her search, Keefer concluded there was "no reason to believe that the Department [had] responsive records to Paragraph 1 of the [R]equest within its custody or control." *Id.* at 62a. The Department maintained that any responsive records it possessed were utilized to initiate and conduct a non-criminal investigation under the MMA. *Id.* at 52a, 54a-55a. In support, the Department submitted a February 4, 2022 affidavit from Podolak, who confirmed that the records sought in Paragraphs 2 and 4-7 of the Request related to the Department's non-criminal investigations into the safety of Products containing additives. *Id.* at 65a-66a. As to Paragraph 3 of the Request, the Department argued that it was insufficiently specific under Section 703 of the RTKL, which requires that a written request for records "identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." 65 P.S. § 67.703.

*Id.* at 50a. The Department disagreed with Requesters that an exemption log or *in camera* review was necessary. *Id.* at 56a.

Following a request from the OOR for additional evidence, the Department provided a supplemental affidavit from Podolak, in which Podolak clarified that records withheld by the Department related to a single non-criminal investigation. *Id.* at 80a. The results of this investigation prompted the Department's February 4, 2022 notification to Permittees that they could no longer produce Products containing non-FDA approved additives and that existing Products containing non-approved additives were subject to mandatory recall procedures. *Id.* at 81a.

The OOR issued a decision on March 1, 2022, which granted in part and denied in part Requesters' appeal.[5] C.R., Ex. 13 at 1. The OOR acknowledged that Requesters sought an *in camera* review of the Department's records; however, the OOR felt it could decide the matter on the evidence presented. *Id.* at 5. To that end, the OOR concluded that Keefer's affidavit satisfied the Department's burden of proving that it did not possess any records responsive to Paragraph 1 of the Request. *Id.* at 7. The OOR rejected the Department's argument that Paragraph 3 of the Request was insufficiently specific, as the Request was limited by scope and "an implicit timeframe" to records that did not support the OMM's November 16, 2021 decision. *Id.* at 8-9. The OOR noted that the Department was able to identify records responsive to Paragraph 2 of the Request, which sought similar records, albeit those that supported the OMM's decision. *Id.* at 10. Accordingly, the OOR concluded that Paragraph 3 of the Request was sufficiently specific to enable a good faith search by the Department. *Id.* at 9.

---

[5] The OOR stated that it had the necessary information and evidence to adjudicate the matter and that an *in camera* review of Department reviews was unnecessary. C.R., Ex. 13 at 7.

In evaluating the exemption status of records sought in Paragraphs 4-7 of the Request, the OOR recognized that the Department has exclusive regulatory and enforcement authority over the growing, processing, sale, and use of medical marijuana in Pennsylvania. *Id.* at 16. In conducting its non-criminal investigation into the safety of Products, the Department requested a detailed narrative from each Permittee about its manufacturing process. *Id.* The information provided by Permittees was then used by the Department to evaluate whether Permittees had complied with the MMA and any related regulations. *Id.*

The OOR concluded that records responsive to Paragraphs 2 and 3 of the Request were not exempt under Section 708(b)(17), as those records preexisted the Department's investigation, which was initiated by Podolak's November 16, 2021 email. *Id.* at 17. Accordingly, the OOR directed that the Department provide records responsive to Paragraphs 2 and 3 of the Request within 30 days or provide a statement indicating that no such records existed. *Id.* The OOR found that records responsive to Paragraphs 4-7 of the Request related to the Department's non-criminal investigation, rendering those records exempt from disclosure under Section 708(b)(17) of the RTKL. *Id.* at 17.

The Department filed a petition for reconsideration, reiterating its argument that Paragraph 3 of the Request was insufficiently specific. R.R. at 88a. In seeking records that "*did not support*" the Department's decision requiring Permittees to submit Products for approval, Paragraph 3 of the Request "encompasse[d] virtually *every type* of record Department-wide," including any document that did not support the relevant decision. *Id.* at 89a (emphasis in original). Moreover, the Department contended that a review of the responsive records would require that the Department retroactively determine whether a record did or did not support the OMM's decision.

6

*Id.* at 90a. The Department also disagreed with the OOR's conclusion that records responsive to Paragraphs 2 and 3 of the Request were not exempt under Section 708(b)(17) of the RTKL simply because they predated Podolak's November 16, 2021 email. *Id.* at 95a. The Department asserted that such records directly related to the "genesis of [its] non-criminal investigation" and the need for further investigation. *Id.* at 96a-97a.

While the OOR once more rejected the Department's claim that Paragraph 3 of the Request was insufficiently specific, the OOR granted reconsideration as to the exemption status of records responsive to Paragraphs 2 and 3 of the Request. *Id.* at 99a. After reviewing the evidence, the OOR concluded that the Department met its burden of proving, by a preponderance of the evidence, that Paragraphs 2 and 3 sought records relating to a non-criminal investigation, as those records "initiated the fact-finding component of the [Department's] investigation[,]" and were "created exclusively for . . . use in the Department's non-criminal investigatory role" under the MMA. C.R., Ex. 17 at 16, 18. Therefore, the OOR denied Requesters' appeal entirely, and the Department was not required to take any further action. *Id.* at 1. This appeal followed.[6]

## II. Issues

On appeal, Requesters argue that the OOR erred in concluding that the records responsive to Paragraphs 2 and 3 of the Request related to the Department's non-criminal investigation. Alternatively, if the records relate to a non-criminal

---

[6] This Court's standard of review of a final determination by the OOR is *de novo* and our scope of review is plenary. *Wishnefsky v. Pa. Dep't of Corr.*, 144 A.3d 290, 294 n.7 (Pa. Cmwlth. 2016).

investigation, Requesters argue that the exemption in Section 708(b)(17) no longer applied once the Department rescinded its approval of the Products at issue.

### III.   Discussion

Under the RTKL, records in possession of a Commonwealth agency are presumed to be public unless they are exempt under Section 708 of the RKTL,[7] protected by a privilege, or exempt under any other Federal or State law or regulation or judicial order or decree.[8]   Records relating to an agency's non-criminal investigation are exempt from disclosure under Section 708(b)(17) of the RTKL. Such records relevantly include investigative materials, notes, and correspondence, as well as records that, if disclosed, would

> [r]eveal the institution, progress[,] or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification[,] or revocation of a license, permit, registration, certification[,] or similar authorization issued by an agency[,] or an executed settlement agreement unless the agreement is determined to be confidential by a court.

65 P.S. § 67.708(b)(17).  This Court has construed the word "investigation" to mean "a systematic or searching inquiry, a detailed examination, or an official probe." *Dep't of Health v. Off. of Open Recs.*, 4 A.3d 803, 810-11 (Pa. Cmwlth. 2010).  The inquiry, examination, or probe must be conducted as part of the agency's official duties.  *Id.* at 814.  Application of the non-criminal investigation exemption in

---

[7] 65 P.S. § 67.708.

[8] Section 305 of the RTKL, 65 P.S. § 67.305.

8

Section 708(b)(17) does not require a prerequisite, such as the filing of a complaint or other "triggering event[.]" *Id.* at 812.

The agency possessing the records bears the burden of proving by a preponderance of the evidence that an exception to the presumption applies.[9] A preponderance of the evidence is proof that the existence of a contested fact is more probable than its nonexistence. *Pa. State Troopers Ass'n v. Scolforo*, 18 A.3d 435, 438-39 (Pa. Cmwlth. 2011). Relevant and credible testimonial affidavits may provide sufficient evidence to support the application of a claimed exemption; however, such affidavits must be detailed, nonconclusory, and submitted in good faith. *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 381 (Pa. Cmwlth. 2014) (internal citations omitted). Generic determinations or conclusory statements contained within an affidavit "are not sufficient to justify the exemption of public records." *Off. of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (internal citations omitted).

Instantly, in finding that records responsive to Paragraphs 2 and 3 of the Request were exempt under Section 708(b)(17) of the RTKL, the OOR relied on Podolak's supplemental affidavit, which attested that the Department initiated "the fact-finding component" of its non-criminal investigation with Podolak's November 16, 2021 email. R.R. at 80a. These records, according to Podolak's February 4, 2022 affidavit, were "gathered, reviewed, analyzed[,] and maintained by the Department as part of" its non-criminal investigation into Permittees' compliance with the MMA. *Id.* at 66a. As a result, the OOR found that the non-criminal investigation exemption applied.

---

[9] Section 708(a) of the RTKL, 65 P.S. § 67.708(a).

The OOR also relied on *Port Authority of Allegheny County v. Towne*, 174 A.3d 1167, 1171 (Pa. Cmwlth. 2017), in which this Court held that records created prior to the initiation of an investigation and only accessed "when necessary can constitute investigative records, especially when the agency asserts that their only purpose is for use in investigations." The records in *Towne* consisted of surveillance videos taken from the camera of a bus that had been involved in a motor vehicle accident. The OOR determined that the surveillance videos were not exempt under Section 708(b)(17) of the RTKL, as they were created prior to the initiation of an investigation into the cause of the accident. We reversed the OOR, as the evidence demonstrated that surveillance videos were only downloaded and reviewed following an incident, claim, or accident that triggered an investigation. Absent an event that triggered an investigation, surveillance videos were overwritten within 30 days. Therefore, the sole purpose of the surveillance videos was for use in investigations.

The OOR likened the records sought in Paragraphs 2 and 3 of the Request to the exempted surveillance videos in *Towne*. While the Department's records existed prior to "the fact-finding component of the [Department's] investigation," which began on November 16, 2021, the OOR found that they were created to serve the Department's investigatory role under the MMA and formed the basis for its non-criminal investigation.

Turning to the arguments raised by the parties, Requesters concede that records predating an investigation may be exempt from disclosure under Section 708(b)(17) of the RTKL. They argue, however, that evidence must be presented that directly relates those records to a subsequent investigation, and Podolak's affidavits failed to demonstrate a relationship between the Department's pre-investigative

10

records and its subsequent non-criminal investigation. Moreover, Requesters note that Podolak's affidavits only addressed records that supported the OMM's November 16, 2021 decision – they did not address records contravening that decision. Therefore, Requesters maintain that the Department failed to meet its burden of proving the records sought in Paragraphs 2 and 3 of the Request were exempt under Section 708(b)(17) of the RTKL.

The Department does not dispute that the records sought in Paragraphs 2 and 3 of the Request predate Podolak's November 16, 2021 email. The Department maintains, however, that there is no evidence to suggest the Department's non-criminal investigation commenced on that date. In her February 4, 2022 affidavit, Podolak indicated that, during the course of its investigation, the Department generated internal records, including emails, correspondence, notes, and memoranda, that were created and maintained for the purpose of conducting the non-criminal investigation into the safety of medical marijuana products. These "internally generated materials" were part of the Department's non-criminal investigation. R.R. at 65a. Moreover, Podolak explicitly stated in her February 23, 2022 affidavit that her November 16, 2021 email initiated the "fact-finding component of" the Department's non-criminal investigation, suggesting that the overall investigation began prior to that date. R.R. at 80a. Even if the evidence indicates that the Department's formal investigation commenced on November 16, 2021, the Department asserts that records preexisting that date formed the basis for the Department's non-criminal investigation and the OOR correctly determined that those records were exempt from disclosure under Section 708(b)(17) of the RTKL.

One duty of an appeals officer under the RTKL is to develop an adequate factual record on appeal. *Pa. Dep't of Educ. v. Bagwell*, 114 A.3d 1113, 1120 (Pa.

Cmwlth. 2015). The OOR has the authority to request the production of an exemption log and to conduct an *in camera* review of documents where an exemption has been asserted. *UnitedHealthcare of Pa., Inc. v. Pa. Dep't of Hum. Servs.*, 187 A.3d 1046, 1060 (Pa. Cmwlth. 2018). *In camera* review may enable the OOR in rendering an informed and reasoned decision that is based upon a sufficient factual predicate and in developing an adequate record for judicial review. *Off. of Open Recs. v. Center Twp.*, 95 A.3d 354, 370 (Pa. Cmwlth. 2014). A log or *in camera* review may be unnecessary where the agency sufficiently explains the basis for its nondisclosure of records in an affidavit. *UnitedHealthcare of Pa.*, 187 A.3d at 1060.

In *Scolforo*, this Court reviewed the sufficiency of an affidavit submitted by the Governor's Office in support of its decision to redact information contained in the Governor's calendars, such as the subject matter of internal meetings. The Governor's Office characterized this information as "predecisional deliberations" that were exempt from disclosure under Section 708(b)(10)(i) of the RTKL.[10] The OOR disagreed and granted the requester access, without redactions, after concluding that, as a matter of law, such information was not protected from disclosure under Section 708(b)(10) of the RTKL. While this Court rejected the OOR's holding that calendar entries could *never* constitute predecisional deliberations, we nevertheless affirmed the OOR after concluding the affidavit submitted by the Governor's Office was insufficient to support the exemption. The affidavit justified the redactions as reflecting "internal deliberations that preceded decisions related to subjects including the transition into the new administration, personnel, budgetary and policy decisions, related courses of actions[,] and

_____

[10] 65 P.S. § 67.708(b)(10)(i).

12

implementation of changes in the direction of the administration." *Scolforo*, 65 A.3d at 1104. The affidavit provided no details, however, as to how the redacted calendar entries reflected any internal deliberations on those subjects. Instead, it merely included "a list of subjects to which internal deliberations may have related" and "track[ed] the language of the exception it presuppose[d.]" *Id.*

Instantly, we must review Podolak's affidavits to determine whether they support nondisclosure of the records sought in Paragraphs 2 and 3 of the Request. Podolak's February 4, 2022 affidavit relevantly attests to the following:

> 5. All of the withheld records sought in Paragraph's 2 and 4 through 7 of [the Request] relate to [the Department's non-criminal investigation] into the safety of medical marijuana products. More specifically, the withheld records relate to the Department's investigation(s) into the safety of additives to vaporized medical marijuana products by [Permittees].
> . . . .
>
> 7. During the course of the investigation(s)[,] the Department also generated internal records based on information uncovered during the course of the investigation, including but not limited to emails, correspondence, notes, and memoranda, that were created and maintained for the purpose of conducting the investigation(s). The Department's review of records received by third parties and review of internally generated materials is part of the Department's non-criminal investigation.

R.R. at 65a.

Based on the above statements, the Department withheld records, regardless of when they were created, because they either related to an investigation or were "created and maintained" for the purpose of conducting the investigation. Records existing prior to November 16, 2021, cannot be said to have been "created and

13

maintained" for the purpose of conducting a then-nonexistent investigation. Under *Towne*, such records could be considered noncriminal investigative records if "accessed only when necessary[,]" particularly if the "only purpose" of the records was for use in the Department's investigation. *Towne*, 174 A.3d at 1171. Although the OOR concluded that the records sought in Paragraphs 2 and 3 of the Request were "created exclusively for . . . use in the Department's noncriminal investigatory role" under the MMA, Podolak's February 4, 2022 affidavit notably contains no language to support that conclusion. C.R., Ex. 17 at 20.

As for the February 23, 2022 affidavit, with the exception of a conclusory statement that "records withheld in connection with [Requesters'] appeal relate to a single non-criminal investigation[,]" Podolak's attestations only concern records received or generated *after* November 16, 2021. R.R. at 80a.

The Department's affidavits appear to suffer from the same lack of detail as the one rejected by this Court in *Scolforo*. The conclusory statement in the February 23, 2022 affidavit provides no detail whatsoever and is, therefore, insufficient to justify nondisclosure of records responsive to Paragraphs 2 and 3 of the Request. The February 4, 2022 affidavit recites a laundry list of documents generated by the Department in the course of its investigation and declares that those records relate to the Department's non-criminal investigation. Accordingly, it, too, appears to be insufficient to support the exemption under Section 708(b)(17) of the RTKL, particularly in regard to Paragraph 3 of the Request, which the February 4, 2022 affidavit fails to even mention.

Given the insufficiency of Podolak's affidavits, we conclude that a remand to the OOR is appropriate for the purpose of conducting an *in camera* review of records responsive to Paragraphs 2 and 3 of the Request and determining the exemption

14

status of each record. Accordingly, while we affirm the OOR's Final Determination with respect to Paragraphs 1 and 4-7 of the Request, we vacate the OOR's Final Determination to the extent it concluded records responsive to Paragraphs 2 and 3 of the Request were exempt from disclosure under Section 708(b)(17) of the RTKL.[11]

_____
ELLEN CEISLER, Judge

Judge Covey did not participate in the decision of this case.

---

[11] We need not address Requesters' second argument, given our disposition of the first. It should be noted, however, that Requesters' argument relies on a misconstruction of Section 708(b)(17)(vi)(A) of the RTKL, which creates an exception to the general rule that an agency's non-criminal investigative records are protected from disclosure. Section 708(b)(17)(vi)(A) provides that agency records are exempt if they would reveal the institution, progress, or result of an agency investigation, "except the . . . revocation of a license, permit, registration, certification[,] or similar authorization issued by an agency . . . ." 65 P.S. § 67.708(b)(17)(vi)(A). Under the plain language of the statute, the Department's decision to revoke its approval of certain vaporized medical marijuana products may be disclosed. It does not, however, mandate the release of the non-criminal investigation records upon which the Department's decision was based.

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judith Cassel and The Law Office of :
Hawke McKeon & Sniscak, LLP, :
           Petitioners :
            :
      v. : No. 491 C.D. 2022
            :
Department of Health (Office of :
Open Records), :
           Respondent :

# **O R D E R**

AND NOW, this 10th day of January, 2023, the April 21, 2022 Final Determination Upon Reconsideration (Final Determination) issued by the Office of Open Records (OOR) is vacated to the extent it determined that records sought by Judith Cassel and The Law Office of Hawke McKeon & Sniscak, LLP (collectively, Petitioners), in Paragraphs 2 and 3 of Petitioners' request for records under the Right-to-Know Law (Request)[1] were related to a non-criminal investigation by the Department of Health (Department) and, therefore, exempt from disclosure. This matter is remanded to the OOR for purposes of performing an *in camera* review of records responsive to Paragraphs 2 and 3 of the Request and determining the exemption status of each record. The OOR's Final Determination is affirmed in all other respects.

Jurisdiction is relinquished.

_____
ELLEN CEISLER, Judge

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.