IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin Silas, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1145 C.D. 2022 |
| | : | |
| Philadelphia Office of Judicial | : | |
| Records (Office of Open Records), | : | |
| Respondent | : | Submitted: July 14, 2023 |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                         FILED:  September 8, 2023

Kevin Silas (Requester), an inmate housed at the State Correctional Institution at Frackville (SCI-Frackville), petitions this Court *pro se* for review of the September 15, 2022 Final Determination of the Office of Open Records (OOR) that dismissed Requester's appeal under the Right-to-Know Law (RTKL)[1] for lack of jurisdiction.  Requester sought copies of court records from the Philadelphia Office of Judicial Records (OJR), which denied his request on the basis that the records were not public documents.  Requester argues that the OJR's denial of his RTKL request violated his constitutional rights under the United States and Pennsylvania Constitutions.  After review, we affirm the OOR.

## I.  Background

On August 19, 2022, Requester sent a RTKL request to the OJR seeking "court commitment sheets" and "court disposition[s]" related to the "robbery

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

arrest[s]" of Rhon Duval Parker (Parker) in 1980 and 1981. Certified Record (C.R.), Ex. 1. The OJR denied the request on August 26, 2022, stating that the records requested were not public documents. *Id.* Requester appealed to the OOR, which dismissed the appeal, noting that it did not have jurisdiction over appeals from judicial agencies such as the OJR, and that judicial records could be requested from a judicial records custodian pursuant to the public access policies of the Unified Judicial System of Pennsylvania (UJS).[2] C.R., Ex. 2. This appeal followed.[3]

## II. Issue

Requester argues that, in denying Requester access to the requested records, the OJR violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution[4] and under article I, sections 1 and 11 of the Pennsylvania Constitution.[5]

## III.   Analysis

Section 102 of the RTKL, 65 P.S. §67.102, defines "Judicial agency" as "[a] court of the Commonwealth or any other entity or office of the [UJS]." Access to judicial agency records under the RTKL is limited to financial records, per Section 304(a) of the RTKL, 65 P.S. § 67.304(a). A judicial agency "is not duty-bound to

---

[2]    *See*  Case    Records    Public    Access    Policy    of    the    UJS, https://www.pacourts.us/Storage/media/pdfs/20211230/165101-publicrecordspolicy2022.pdf (last viewed September 7, 2023).

[3] This Court's standard of review of a final determination by the OOR is *de novo* and our scope of review is plenary. *Wishnefsky v. Pa. Dep't of Corr.*, 144 A.3d 290, 294 n.7 (Pa. Cmwlth. 2016).

[4] U.S. Const. amends. V, XIV.

[5] Pa. Const. art. I, §§ 1, 11.

2

disclose court records under the RTKL[.]" *Faulk v. Phila. Clerk of Cts.*, 116 A.3d 1183, 1187-88 (Pa. Cmwlth. 2015). While Section 503(a) of the RTKL provides that the OOR "shall designate an appeals officer" for decisions by a Commonwealth agency or a local agency,[6] under Section 503(b),[7] a judicial agency designates its own appeals officer. Because judicial agencies have their own appeals officers and appeal procedures, the OOR does not have jurisdiction to hear an appeal taken from the determination of a judicial agency. *Phila. Dist. Att'y's Off. v. Stover*, 176 A.3d 1024, 1027 (Pa. Cmwlth. 2017).

Instantly, Requester's argument focuses on whether the OJR erred in denying his RTKL request on the basis that the requested records were not public documents. That issue is not before this Court, however, as the OOR dismissed Requester's appeal on jurisdictional grounds. In that regard, the OOR did not err. Requester has not disputed that the OJR is a judicial agency or challenged the OOR's conclusion that it lacks jurisdiction over decisions made by the OJR under the RTKL.

Furthermore, Requester did not raise any constitutional issues in his appeal to the OOR. Rather, he argued that the records sought were financial records because the information in a "court commitment order" includes the amount of any court-ordered fines, costs, and restitution.[8] Section 1101(a) of the RTKL provides that a

---

[6] 65 P.S. § 67.503(a).

[7] 65 P.S. § 67.503(b).

[8] Requester appears to have abandoned the argument that he sought financial records, which are defined in Section 102 of the RTKL as: (1) any account, voucher, or contract concerning the receipt or disbursement of funds by an agency, or the agency's acquisition, use, or disposal of services, supplies, materials, equipment, or property; (2) the salary or other payments or expenses paid to an officer or employee of an agency; or (3) a financial audit report. 65 P.S. §67.102. Instead, Requester maintains that he seeks "public information" contained in "judicial records and/or judicial documents." Requester's Br. at 4-5.

requester's appeal "shall state the grounds upon which the requester asserts that the record is a public record." 65 P.S. § 67.1101(a).  Arguments that are not raised in a Section 1101 appeal are waived.  *Crocco v. Pa. Dep't of Health*, 214 A.3d 316, 321 (Pa. Cmwlth. 2019).  Thus, to the extent Requester argues that the OJR violated his constitutional rights, those issues are waived, having been raised before this Court for the first time on appeal.

Accordingly, as the OOR lacks jurisdiction to hear an appeal from a judicial agency decision under the RTKL, we affirm the OOR's Final Determination that dismissed Requester's RTKL appeal on jurisdictional grounds.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Silas,                          :
                    Petitioner        :
                                      :
        v.                            : No. 1145 C.D. 2022
                                      :
Philadelphia Office of Judicial       :
Records (Office of Open Records),     :
                    Respondent        :

## O R D E R

AND NOW, this 8th day of September, 2023, the September 15, 2022 order of the Office of Open Records is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge