# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PharmaCann Penn LLC, : 
               Petitioner : 
               v. : No. 172 C.D. 2018
                : Submitted: December 28, 2018
Christopher Ullery and Calkins Media, : 
               Respondents : 

AES Compassionate Care, LLC, : 
               Petitioner : 
               v. : No. 173 C.D. 2018
                : Submitted: December 28, 2018
Christopher Ullery and Calkins Media, : 
               Respondents : 

Chamounix Ventures, LLC, : 
               Petitioner : 
               v. : No. 174 C.D. 2018
                : Submitted: December 28, 2018
Christopher Ullery and Calkins Media, : 
               Respondents : 

Bay LLC, : 
               Petitioner : 
               v. : No. 183 C.D. 2018
                : Submitted: December 28, 2018
Christopher Ullery and Calkins Media, : 
               Respondents :

SMPB Retail, LLC,                          :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 184 C.D. 2018
                                           : Submitted:  December 28, 2018
Christopher Ullery and Calkins Media,      :
                                           :
                                           :
                    Respondents            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  October 16, 2019


          PharmaCann Penn LLC (PharmaCann), AES Compassionate Care, LLC (AES), Chamounix Ventures, LLC (Chamounix), Bay LLC (Bay), and SMPB Retail, LLC (SMPB) (collectively, Petitioners) petition for review of the Final Determinations of the Office of Open Records (OOR) granting in part, and denying in part, the appeals of Christopher Ullery and Calkins Media (collectively, Requesters) from the decisions of the Department of Health (DOH) denying their requests under the Right-to-Know Law (RTKL)[1] for copies of Petitioners' applications for dispensary licenses for medical marijuana submitted to DOH pursuant to the Medical Marijuana Act (Act).[2]  We vacate and remand.

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

[2] Act of April 17, 2016, P.L. 84, 35 P.S. §§10231.101-10231.2110.

**I.**

As a preliminary matter, to provide background to the case *sub judice*, this Court has recently explained:

> The General Assembly enacted the Act, effective as of May 17, 2016, to establish a framework for [the] legalization of medical marijuana in the Commonwealth. DOH is the Commonwealth agency responsible for administering the Act, including promulgating temporary regulations necessary to perform this function. Section 301 of the Act, 35 P.S. §10231.301; Section 1107 of the Act, 35 P.S. §10231.1107. Attendant to this authority, DOH promulgated temporary regulations and established an application process for businesses seeking permission to operate as medical marijuana organizations. *See* 28 Pa. Code §§1131.1-1191.33.
>
> Section 302(b) of the Act (relating to public disclosure) provides that applications "are public records and shall be subject to the [RTKL]." 35 P.S. §10231.302(b). DOH's temporary regulation as to the same subject mirrors the Act by listing applications as "public records . . . subject to disclosure under the [RTKL] . . . ." 28 Pa. Code §1141.22 (Temporary Regulation). However, the Temporary Regulation states: "the following information is considered confidential, *is not subject to the* [*RTKL*], and will not otherwise be released . . . unless pursuant to court order . . . information regarding the physical features of, and security measures installed in, a facility." 28 Pa. Code §1141.22(b)(9) (emphasis added).
>
> Further, in the application instructions, DOH advised all applicants to submit redacted and unredacted copies of their applications with the understanding that redacted copies would be posted on its public website. Although the instructions state all submissions would be subject to disclosure under the RTKL, they also quote the Temporary Regulation which extended protection to "information regarding physical features of and security measures installed in a facility, information in the

2

electronic tracking system" and other information subject to protection by the RTKL or as proprietary under another law.

DOH received dozens of applications comprised of thousands of pages, both grower/processor [] applications and dispensary [] applications. DOH received all applications by March 2017. In late June 2017, DOH announced the award of 12 [grower/processor] permits and 27 [dispensary] permits, including those of [Petitioners].

*Mission Pennsylvania, LLC v. McKelvey*, 212 A.3d 119, 125-26 (Pa. Cmwlth. 2019) (*Mission Pennsylvania, LLC*).

On June 29, 2017, Requesters, a reporter and newspaper publisher, submitted a request to DOH seeking "[e]lectronic copies of the non-redacted medical marijuana dispensary applications" for Petitioners that "were submitted as part of the state's [Act] application window between February and March of this year." Reproduced Record (R.R.) at 14a. Requesters explained:

[We] understand that some information on the non-redacted applications may be not accessible under the RTKL, and [we] understand there may be some redaction permitted by law ([Social Security Numbers (SSN)] for example). [We are] requesting electronic copies of applications with only those redactions made by [DOH] in accordance with the RTKL, and [we] are not seeking copies of applications that were redacted by [Petitioners].

*Id.*

On July 7, 2017, DOH's Open Records Officer denied Requesters' request. R.R. at 12a-13a. DOH stated that it "is unable to provide documents that have been marked confidential and/or proprietary by a third party" because "[w]hen a third party provides documents to [DOH], it has the right to mark any information it deems to be confidential to their business or operations" which

3

"removes [DOH]'s discretion to release that information." *Id.* at 12a. As a result, DOH "honors the wishes of the third party and withholds that information from RTKL requests." *Id.*

DOH informed Requesters that it posted "the winning redacted applications for dispensary permits" on its website and that "[i]nformation redacted by [DOH] is marked as 'DOH Redacted' or 'DOH Redaction,'" and that "[a]ny other redactions were made by [Petitioners]." R.R. at 12a. DOH stated that Section 706 of the RTKL, 65 P.S. §67.706,[3] permits it to redact exempt information and that "[i]ndividual home addresses, direct phone numbers, driver's license information, dates of birth, passport information, [SSNs], Federal Employer Identification Numbers (FEINs), personal identification numbers (PIN), bank account information, tax information, credit card numbers, and email addresses were redacted pursuant to [Section 708(b)(1)(ii) and (6)(i)(A),] 65 P.S. §67.708(b)(1)(ii)[4,] (6)(i)[(A)5]," because "individually and in combination with other information, [it] could be used to create significant financial harm." *Id.*

---

[3] Section 706 states, in relevant part, "[i]f the information which is not subject to access is an integral part of the public record, . . . and cannot be separated, the agency shall redact from the record the information which is not subject to access[.]"

[4] Section 708(b)(1)(ii) exempts from disclosure records that "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual."

[5] Section 708(b)(6)(i)(A) exempts from disclosure "[a] record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number." In turn, Section 102 defines "Personal financial information" as including "[a]n individual's personal credit [or] debit card information; bank account information; bank, credit or financial statements; account or PIN numbers and other information relating to an individual's personal finances." 65 P.S. §67.102.

DOH also determined that the foregoing information is excluded from the definition of a "public record" under Section 102 and exempt under Section 305(a)(3), 65 P.S. §§67.102,[6] 67.305(a)(3),[7] because "[t]his information is also exempt from access pursuant to the privacy protections of the [Fourth] Amendment to the United States Constitution and Art[icle] 1, [Section] 8 of the Pennsylvania Constitution[.]" *Id.*

Additionally, DOH stated that the requested records are exempt from disclosure because "[r]ecords that constitute or reveal a trade secret or confidential proprietary information, or financial records relating to [Petitioners] were also redacted [under Sections 707(b), 708(b)(11), and 305(a)(2),] 65 P.S. §§67.707(b);[8] 67.708(b)(11);[9] and 67.305(a)(2).[10]" R.R. at 13a. Finally, DOH

---

[6] Section 102 defines "public record," in pertinent part, as "[a] record . . . of a Commonwealth or local agency that . . . is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree[.]"

[7] Section 305(a)(3) states, "[a] record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record [unless] the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree."

[8] Section 707(b) states:

> An agency shall notify a third party of a request for a record if the third party provided the record and included a written statement signed by a representative of the third party that the record contains a trade secret or confidential proprietary information. Notification shall be provided within five business days of receipt of the request for the record. The third party shall have five business days from receipt of notification from the agency to provide input on the release of the record. The agency shall deny the request for the record or release the record within ten business days of the provision of notice to the third party and shall notify the third party of the decision.

5

stated, "[r]ecords that, if disclosed, would create a reasonable risk of endangering the safety or security of a building; expose or create a vulnerability within critical systems, i.e., building plans or infrastructure records; or jeopardize computer security, have also been redacted [under Section 708(b)(3)(iii) and (4),] 65 P.S. §67.708(b)(3)(iii),[11] (4).[12]" *Id.*

On July 20, 2017, Requesters appealed DOH's decision to OOR. Requesters cited Section 707(b) of the RTKL and asserted that "[DOH's] denial letter references no such contact with any of the 10 permittees [regarding notification of the inclusion of a trade secret or confidential proprietary information], nor does it reference any documentation from [Petitioners] justifying the information they redacted when the applications were submitted." R.R. at 9a. Requesters argued that they "believe[] the appropriate action is for [DOH] to

<hr>

**(continued…)**

[9] Section 708(b)(11) exempts from disclosure "[a] record that constitutes or reveals a trade secret or confidential proprietary information."

[10] Section 305(a)(2) states, "[a] record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record [unless] the record is protected by a privilege.[.]"

[11] Section 708(b)(3)(iii) exempts from disclosure "building plans or infrastructure records that expose or create vulnerability through disclosure of the location, configuration or security of critical systems, including public utility systems, structural elements, technology, communication, electrical fire suppression, ventilation, water, wastewater, sewage and gas systems." Likewise, Section 708(b)(2) exempts from disclosure "[a] record maintained by an agency in connection with . . . law enforcement or other public safety activity that, if disclosed, would be reasonably likely to jeopardize or threaten public safety or preparedness or public protection activity . . . ." 65 P.S. §67.708(b)(2).

[12] Section 708(b)(4) exempts from disclosure "[a] record regarding computer hardware, software and networks, including administrative or technical records, which, if disclosed, would be reasonably likely to jeopardize computer security."

release the records requested . . . with only information redacted by [DOH] in accordance with exemptions allowed by the state's [RTKL]," and that "it is in the public interest that [DOH] replace the dispensary and grower permits currently posted on its website with applications redacted only by [DOH]." *Id.* at 10a. Requesters contended that "[a] similar process was used by [DOH] when collecting medical marijuana grower permits, and any order toward dispensary permits should also apply to grower permits," and that "[i]f [Petitioners] believe the information they have redacted fully complies with exemptions granted by the [RTKL], they are free to make that appeal with [DOH]." *Id.* at 10a-11a.

On July 24, 2017, OOR provided Official Notice of Appeal (Official Notice) to DOH regarding Requesters' appeal, granting the parties seven days to "**submit legal argument to support their positions**[.]" R.R. at 19a (emphasis in original). The Official Notice also directed DOH:

> If records . . . contain confidential, proprietary or trademarked records of a person or entity . . . [**DOH**] **must notify such parties of this appeal immediately and provide proof of that notice to the OOR within seven (7) business days from the date on this letter**. Such notice must be made by (1) providing a copy of all documents included with this letter; and (2) advising that interested persons may request to participate in this appeal (*see* 65 P.S. §67.1101(c)).[13]

*Id.* at 20a (emphasis in original). Accordingly, on August 1, 2017, DOH notified PharmaCann, SMPB, and Chamounix of Requesters' appeal and directed them to

---

[13] *See* Section 1101(c)(1) of the RTKL, 65 P.S. §67.1101(c)(1) ("A person other than the agency or requester with a direct interest in the record subject to an appeal . . . may, within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order, file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position.").

file their request to participate pursuant to Section 1101(c) "back to the OOR **within the next fifteen (15) days**." *Id.* at 32a (emphasis in original). DOH did not notify either Bay or AES of their right to participate in the appeal at that time. *Id.*; *see also id.* at 1435a.

On September 18, 2017, an OOR Appeals Officer issued an Opinion and Order staying Requesters' appeal and directing DOH to take further action. R.R. at 34a-45a. Specifically, OOR initially noted that applications are public records under Section 302 of the Act and Section 1141 of DOH's regulations, and that an applicant "shall mark confidential proprietary information as confidential proprietary information prior to submission to [DOH]. 28 Pa. Code §1141.22[.]" R.R. at 38a. OOR explained that Section 901 of the RTKL, 65 P.S. §67.901, required DOH to: (1) make a good faith effort to ascertain if the requested record is a public record; (2) determine whether the record was in its possession; and (3) respond promptly to the request. *Id.* at 39a-40a (citation omitted). OOR also explained that Section 707(b) of the RTKL required DOH to notify Petitioners of the request based on their assertion that the records contain trade secrets or confidential proprietary information and, "[a]fter conferring with the third party, . . . either deny the request or grant access to the record." *Id.* at 40a-41a.

OOR concluded, "Because [DOH] did not conduct a good faith effort under Section 901 of the RTKL to determine if the material redacted by [Petitioners] is exempt from disclosure, it is premature for the OOR to determine the applicability of exemptions to this information." R.R. at 44a. Accordingly, OOR stayed the appeal; retained jurisdiction; and directed DOH to review the requested records and "issue a revised response to the Request and provide an exemption log explaining the legal support for each redaction and/or document

8

withheld." *Id.* OOR also directed Requesters to "notify the OOR of any deficiencies with [DOH's] response," and then OOR would issue a Final Determination disposing of the appeal. *Id.* Ultimately, OOR gave DOH until November 20, 2017, "to conduct its review of the records at issue in th[e] appeal and [to] issue a revised response including an exemption log explaining any bases for denial." *Id.* at 46a.

On October 19, 2017, Michael Badey, a Principal of Chamounix, submitted a Verification under the provisions of Section 4904 of the Crimes Code, 18 Pa. C.S. §4904 (relating to unsworn falsification to authorities), with a sequential listing of all of the redactions made in its application by both Chamounix and DOH in an exemption log. R.R. at 2032a-2065a. The Verification "include[d] a factual description of the information redacted, and the reasoning why, based on the factual description, the RTKL permits each such redaction[.]" *Id.* at 2034a.

On October 23, 2017, Kelsey Deihl, PharmaCann's Compliance and Legal Coordinator, submitted an Attestation under the provisions of Section 4904 of the Crimes Code in support of an exemption log detailing the information contained in its application that is exempt from disclosure under Section 708(b)(2), (3)(iii), (4), (6)(i)(A), and (11) of the RTKL. R.R. at 215a-224a. AES, Bay, and SMPB also submitted exemption logs detailing the information in their applications that is likewise exempt from disclosure under the enumerated provisions of the RTKL, without an accompanying affidavit, verification, or attestation. *Id.* at 746a-755a; 1105a-1107a; 1455a-1463a.

On November 17, 2017, DOH issued its revised response in support of its denial of the request. R.R. at 55a-59a. DOH stated that "[i]n the course of

9

review" of Petitioners' applications, it "lifted clearly improper redactions, whether made by [a Petitioner] or [DOH]," but that it "maintained [Petitioner] redactions that were proper and appropriately cited." *Id.* at 55a. DOH "also maintained [Petitioners'] redactions that may not have been properly cited, but were clearly exempt under another subsection." *Id.* DOH attached Petitioners' arguments and exemption logs and "defer[red] to [] OOR's determination as to the propriety of the[] redactions." *Id.*

Additionally, DOH claimed that Petitioners "ha[d] an interest in protecting [their] own records" and DOH "may not waive that . . . interest." R.R. at 57a (citation omitted). DOH also asserted that "[w]hen a [RTKL] request seeks confidential proprietary information that a third party submitted to an agency, the third party must be afforded due process prior to disclosure," that "[t]o date, [] OOR has not granted participation status to [Petitioners]," and that DOH "cannot stand in [Petitioners'] shoes regarding their asserted exemptions, particularly with respect to confidential proprietary/trade secret information and personal safety and security issues." *Id.* at 58a (citation omitted). DOH concluded, "Accordingly, [DOH] defers to the OOR factfinder to determine the propriety of these asserted exemptions, as [] OOR may develop the record by undertaking *in camera* review or requesting affidavits in support of material facts." *Id.* at 58a-59a (citation omitted).

On November 29, 2017, DOH ultimately notified Bay of its right to request participation in the proceeding pursuant to Section 1101(c) of the RTKL. R.R. at 1435a. As a result, on November 30, 2017, Bay filed a request to participate, asserting that the information redacted from its application is exempt from disclosure under Sections 102, 305, 706, 707, and 708 of the RTKL, the

Fourth Amendment to the United States Constitution, and Article 1, Section 8 of the Pennsylvania Constitution. *Id.* at 1451a-1452a. The request was appended with a statement, verified under Section 4904 of the Crimes Code by Bay's Chief Executive Officer, Silvan Lutkewitte "generally stating that information redacted from its application is exempt from disclosure." R.R. at 2493a. *See also id.* at 1453a. On December 1, 2017, AES also filed a request to participate in the appeal. *Id.* at 2493a.

On December 1, 2017, OOR granted Petitioners' requests to participate in the proceedings and granted them the "opportunity 'to submit any additional evidence deemed necessary to their respective positions'" by December 8, 2017. R.R. at 1531a, 2486a. On December 7, 2017, AES resubmitted an unsworn submission offered in a different OOR appeal in addition to its exemption log; SMPB submitted an unsworn position statement and exemption log along with its previously submitted exemption log; and the other Petitioners did not offer information in addition to their original submissions to DOH. *Id.* at 2494a-2495a.

## II.

On January 11, 2018, OOR issued the instant Final Determination disposing of Requesters' appeal. R.R. at 2481a-2527a. At the outset, OOR noted that the Act specifically provides, "that '[a]pplications for permits submitted by medical marijuana organizations' are 'public records and shall be subject to the [RTKL].'" R.R. at 2488a (quoting Section 302 of the Act, 35 P.S. §10231.302). OOR also explained that Section 1141.22(a) of DOH's regulations "explain[s] that applications are public records subject to disclosure under the RTKL, 'except to the extent that the application contains any of the information listed in subsection

11

(b).' 28 Pa. Code §1141.22(a)," and that "[Section 1141.22 of DOH's] regulations further instruct that '[a]n applicant shall mark confidential proprietary information as confidential proprietary information prior to submission to [DOH].' 28 Pa. Code §1141.22; *see also* [Section 707(b),] 65 P.S. §67.707(b).[14]" *Id.*

With respect to "'confidential proprietary, trade secret[15] or personal safety and security exemptions,'" OOR noted that because DOH "'is unable to

---

[14] *See* fn. 8, *supra*.

[15] As noted by OOR, *see* R.R. at 2496a, Section 102 of the RTKL, 65 P.S. §67.102, defines "Confidential proprietary information" as:

> Commercial or financial information received by an agency:
>
> (1) which is privileged or confidential; and
>
> (2) the disclosure of which would cause substantial harm to the competitive position of the person that submitted the information.

As also noted by OOR, *see* R.R. at 2496a, Section 102 defines "trade secret," as:

> Information, including a formula, drawing, pattern, compilation, including a customer list, program, device, method, technique or process that:
>
> (1) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Further, as OOR explained:

> An agency must establish that both elements of either of these two-part tests are met in order for the exemption to apply. *See Office of the Governor v. Bari*, 20 A.3d 634 (Pa. [Cmwlth.] 2011). In

**(Footnote continued on next page…)**

**(continued…)**

determining whether certain information is "confidential," the OOR considers "the efforts the parties undertook to maintain their secrecy." *Commonwealth v. Eiseman*, 85 A.3d 1117, 1128 (Pa. [Cmwlth.] 2014), *rev'd in part* [*sub nom.*] *Pa. Dep't of Pub. Welfare v. Eiseman*, 125 A.3d 19 (Pa. 2015). "In determining whether disclosure of confidential information will cause 'substantial harm to the competitive position' of the person from whom the information was obtained, an entity needs to show: (1) actual competition in the relevant market; and (2) a likelihood of substantial competitive injury if the information were released." *Id.*

Pennsylvania courts confer "trade secret" status based upon the following factors: (1) the extent to which the information is known outside of the business; (2) the extent to which the information is known by employees and others in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to [the] business and to competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *See, e.g.*, *Crum v. Bridgestone/Firestone N. Amer. Tire*, 907 A.2d 578 (Pa. Super. [] 2006) (adopting standard from RESTATEMENT (SECOND) OF TORTS §757 ([Am. Law Inst.] 1965)). To constitute a "trade secret," the information must be an "actual secret of peculiar importance to the business and constitute competitive value to the owner." *Parsons v. Pa. Higher Educ. Assistance Agency*, 910 A.2d 177 (Pa. [Cmwlth.] 2006). The most critical criteria are "substantial secrecy and competitive value." *Crum*, 907 A.2d at 585. While [another applicant] also separately raised the [Uniform Trade Secrets Act, 12 Pa. C.S. §§5301-5308 (UTSA),] as a basis for denial, the RTKL's "self-contained trade-secrets exception supplants the more general application of the [UTSA]," so that the OOR need not separately analyze whether the UTSA applies. *See Eiseman*, 125 A.3d at 32-33; *see also Pa. Dep't of Rev. v. Flemming* [(Pa. Cmwlth., No. 2318 C.D. 2014, filed August 21, 2015), slip op. at 9] ("[The RTKL's] definition [of trade secrets] is identical to that contained in the [UTSA.]").

**(Footnote continued on next page…)**

stand in the shoes of the individual or entity claiming such exemptions,'" DOH "acknowledge[d] that it [did] not possess the necessary information to make redactions pursuant to these exemptions." R.R. at 2490a. As a result, and because Requesters only sought copies of applications with DOH redactions, OOR limited the scope of its review by

> interpret[ing Requesters'] appeal as permitting the redaction of two types of information by [DOH]: personal identification information that is exempt under Section 708(b)(6) of the RTKL and/or protected by a right to informational privacy found in the Pennsylvania Constitution; and "[i]nformation regarding the physical features of, and security measures installed in, a facility" that is made confidential by [DOH's] temporary regulations. 28 Pa. Code §1141.22(b)(9).[16]

*Id.* at 2489a, 2490a (footnote omitted).

OOR explained that Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1), "provides that a Commonwealth agency has the burden of proving 'by a preponderance of the evidence' that information is exempt from disclosure," and that "[t]his burden also applies to third parties arguing an exemption." R.R. at 2491a (citing *Highmark Inc. v. Voltz*, 163 A.3d 485, 490 (Pa. Cmwlth. 2017)). Additionally, "[u]nder the RTKL, 'a generic determination or conclusory statements are not sufficient to justify the exemption of public records,'" and

---

**(continued…)**

R.R. at 2496a-2497a.

[16] Section 1141.22(b)(9) of the temporary regulations states, "The following information is considered confidential, is not subject to the [RTKL] and will not otherwise be released to a person unless pursuant to court order: . . . Information regarding the physical features of, and security measures installed in, a facility."

14

"unsworn statements of counsel do not constitute evidence." *Id.* (quoting *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013), and citing *Office of the Governor v. Davis*, 122 A.3d 1185, 1193 (Pa. Cmwlth. 2015)).

**A.**

Ultimately, OOR determined that the unsworn statements and/or exemption logs submitted by AES, Bay, and SMPB are not "competent evidence under the RTKL," so that "their submissions are not sufficient to prove the applicability of exemptions under the RTKL. *See Scolforo*, 65 A.3d at 1103; *Davis,* 122 A.3d at 1193; *Voltz*, 163 A.3d at 491." R.R. at 2495a (footnote omitted).

**B.**

With respect to PharmaCann's claim regarding the exemption of confidential proprietary information and trade secrets under Section 708(b)(11) of the RTKL, OOR determined that although PharmaCann "provided evidence regarding the measures it employs to keep [the] information contained in its application confidential," its "claims of confidential proprietary information and trade secrets still fail" because its

> position statement does not identify specific portions of its application that constitute confidential proprietary information or trade secrets; instead, it generally argues that the application contains "a compilation of information, practices, processes, design, [and] commercial methods that are not generally known or reasonably ascertainable by others."

R.R. at 2503a.

Likewise, OOR found the attestation of PharmaCann's Compliance and Legal Coordinator as to the confidential nature of the contents of the

15

exemption log to be deficient as well. R.R. at 2503a-2505a. Specifically, OOR found that PharmaCann did not sustain its burden of proof under Section 708(a)(1) because "while the OOR understands that PharmaCann operates in a competitive business, and that it treats its information as confidential, it is incumbent on PharmaCann to explain to the OOR *how* each redacted portion of its application constitutes confidential proprietary information or a trade secret," and that the "position statement discusses its redactions in only general terms, and [its] exemption log is too conclusory to support a finding of confidential proprietary information or trade secrets." *Id.* at 2504a-2505a (emphasis in original).

Regarding the public safety exemption in Section 708(b)(2) of the RTKL, OOR explained that PharmaCann "must show: (1) the record at issue relates to a law enforcement or public safety activity; and (2) disclosure of the record would be reasonably likely to threaten public safety or a public protection activity," and that "[r]easonably likely has been interpreted as 'requiring more than speculation.'" R.R. at 2505a (citing *Carey v. Pennsylvania Department of Corrections*, 61 A.3d 367, 374-75 (Pa. Cmwlth. 2013)). OOR could not "conclude that the permit applications here are maintained by [DOH] in connection with a law enforcement or public safety activity," DOH "does not make such an argument, and there is no factual support for this statement." R.R. at 2507a. Further, "[t]o the extent that PharmaCann argues that *it* performs a public safety or public protection activity, it does not provide any support for this proposition[.]" *Id.* (emphasis in original).

Regarding the facility safety or security exemption in Section 708(b)(3) of the RTKL, OOR stated, "Likewise, PharmaCann does not adequately explain how disclosure of the redacted portions of its application would create a

16

reasonable likelihood of endangering the safety or physical security of [its] facility[.]" R.R. at 2508a. OOR determined that "[r]egardless, the entirety of an application Section cannot be withheld merely because it contains exempt information," and that "PharmaCann's wholesale redaction of Sections of its application is overbroad, and [it] has not explained why it needs to redact facility information above and beyond what [DOH] has redacted and/or plans to redact." *Id.* at 2508a, 2509a, (citing *Bowling v. Office of Open Records*, 990 A.2d 813, 816-17 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2011)).

Finally, regarding the computer security exemption in Section 708(b)(4) of the RTKL, OOR found that "PharmaCann does not adequately explain how disclosure of the redacted portions of its application would be reasonably likely to jeopardize its computer security," but that it merely "concludes that the dissemination of *any* information pertaining to its information technology ('IT') would 'make [it] vulnerable to outside intruders, including those wh[ich] exist in the cyber world.'" R.R. at 2509a (emphasis in original). OOR also determined that "PharmaCann does not explain why it needs to redact IT information above and beyond what [DOH] has redacted and/or plans to redact." *Id.*

## C.

With respect to Chamounix's claim regarding the exemption of confidential proprietary information and trade secrets under Section 708(b)(11) of the RTKL, OOR determined that the attestation of Chamounix's Principal "does not explain how it maintains the confidentiality of the redacted information." R.R. at 2511a. OOR noted that "Chamounix redacted the entirety of its responses to

17

application Sections," so that, "[i]n effect, each response to [DOH's] application directive, over 181 consecutive pages, has been redacted," and that Chamounix "disclos[ed] only its name, business address, [] business email address, the name of its primary contact, the introductory paragraph of its Diversity Plan, and the names, occupations, and titles of its principals, financial backers and operators." *Id.* OOR explained that, "like PharmaCann, Chamounix has not adequately demonstrated how each redacted portion of its application constitutes confidential proprietary information or a trade secret in its entirety, and, more specifically, why each Section must be redacted in its entirety," and that "Chamounix treats its application, as a whole, to be confidential proprietary information and a trade secret because it considers the application to be the equivalent of its business plan." *Id.* at 2511a-2512a. Further, the verified statement of Chamounix's Principal "provides the same statements in support of the redaction of every Section without providing any particularized evidence explaining why that specific Section must be redacted." *Id.* at 2512a.

Regarding the security exemptions in Section 708(b)(3) and (4) of the RTKL and Section 1141.22(9) of DOH's temporary regulations, 28 Pa. Code §1141.22(9),[17] OOR found that the Principal's "verification, after describing what information is contained in each Section, concludes that disclosure of this information 'would create a reasonable likelihood of endangering the safety and physical security of its facility and employees' or 'would jeopardize computer security.'" R.R. at 2512a. OOR determined that the "verification is conclusory on this subject," that it "is not sufficient evidence in support of Chamounix's security-

_____

[17] Section 1141.22(9) makes confidential "[i]nformation regarding the physical features of, and security measures installed in, a facility."

18

related redactions," and that "Chamounix has not demonstrated why it must redact information above and beyond the information redacted by [DOH]." *Id.*

### D.

Although Requesters did not challenge DOH's redaction of personal identification information pursuant to Section 708(b)(6)(i)(A) of the RTKL, most of the Petitioners made further redactions

> including names, signatures, email addresses, home addresses, personal telephone numbers, fax numbers, dates of birth, driver's license numbers, driver's license and passport photographs, passport identification numbers, and social security numbers.

R.R. at 2513a. OOR determined that "[d]river's license numbers and social security numbers" are "explicitly exempt from disclosure[.]" *Id.* at 2516a.

While "OOR [was] satisfied the personal phone numbers and email addresses . . . have been redacted," "the applications require [Petitioners] to list [their] principals, financial backers, and operators" and Petitioners did not sustain their burden of proof "to the extent that any [professional's,] business['s] or corporation's contact information has been redacted[.]" R.R. at 2515a. OOR also concluded that "[p]hotographs and dates of birth are not defined as 'personal identification information' and are thus not covered by the exemption," and home addresses were likewise not within the exemption's purview. *Id.* at 2513a-2514a. Further, OOR determined that the "personal identification information" in the exemption only pertained to an "individual" as defined in Section 1991 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1991, as "[a] natural person." *Id.* at 2516a. Therefore, OOR concluded that the exemption was not applicable "to the financial information of any entity" so that "[t]o the extent that the financial

19

information of an entity was redacted, [Petitioners did] not me[e]t their burden of proof." *Id.*

With respect to the information not encompassed within the statutory exemption, OOR then applied the constitutional balancing test required by *Reese v. Pennsylvanians for Union Reform*, 173 A.3d 1143, 1159 (Pa. 2017), and in *Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016) (*PSEA*), in determining whether disclosure of the requested information was appropriate. R.R. at 2516a-2523a. OOR initially determined that "because only individuals have a right to privacy, there is no right to privacy regarding any of the corporate or business information at issue in the applications," and "there is no right to privacy regarding any of the names contained in the application." *Id.* at 2520a. OOR also found that "[l]ikewise, because there is no reasonable expectation of privacy in the names[,] there cannot be a reasonable expectation of privacy in one's signature," and "there is no reasonable expectation of privacy in [contact] information that has already been voluntarily disseminated to the public." *Id.* at 2521a.

Regarding the remaining requested information, OOR explained:

[A]fter balancing the privacy interests and public interests at stake, the OOR concludes that an individual's street address may be redacted because the privacy interests in this piece of information outweigh the public interests. However, an individual's city of residence, state of residence, and zip code must be disclosed, because the public interest – the identification of principals, operators, financial backers and employees, specifically to ensure that they are not violating the Act – outweighs the privacy interest in this information. For dates of birth, while there is a public interest in the identification of individuals contained in the applications, there is a strong privacy interest in this information. As a

20

result, the privacy interest outweighs the public interest. Finally, while there is a privacy interest in one's driver license or passport photograph, the OOR cannot discern any public interest in the disclosure of this information. As a result, these photographs may be redacted.

R.R. at 2522a-2523a (citation omitted).[18] Based on the foregoing, OOR granted in part, and denied in part, Requesters' appeal and directed DOH to provide copies of Petitioners' applications in accordance with its Final Determination. *Id.* at 2526a. Petitioners then filed the instant petitions for review.

## III.

As a preliminary matter, we note that prior to filing its petition for review in this Court, Bay filed a Petition for Reconsideration with OOR alleging, in relevant part: (1) despite OOR's July 29, 2017 directive, unlike the other Petitioners, Bay and AES did not receive the notification of Requesters' appeal on August 1, 2017; (2) Bay was not notified of OOR's September 18, 2017 Opinion and Order relating to the appeal; (3) Bay was not notified of DOH's November 17, 2017 revised response and, as a result, did not submit an exemption log to DOH for submission to OOR as was done by the other Petitioners; (4) on November 29, 2017, after filing its revised response, DOH discovered that it failed to notify Bay and AES of their right to participate in Requesters' appeal pursuant to Section 1101(c) of the RTKL and provided such notification nearly four months after the other Petitioners were notified and had participated in the proceeding; (5) once notified, Bay immediately filed a request to participate in the appeal; and (6) on December 1, 2017, OOR granted the request to participate, but only granted Bay

_____

[18] OOR also declined to find that DOH acted in bad faith in its review and response to the request. *See* R.R. at 2523a-2526a.

21

seven days to submit any evidence or information relating to Requesters' appeal rather than the fifteen days provided in Section 1101(c)(1) of the RTKL. R.R. at 1467a-1469a.[19]

As Bay explained in its Petition for Reconsideration, "[t]his is a clear violation of law and Section 1101(c) of the RTKL, which guarantees that a direct-interest participant will have fifteen (15) days to submit such information," and that "the courts in Pennsylvania have 'consistently recognized the serious due process concerns implicated by [a] lack of notice, particularly where the confidential information of a private entity is at stake.' [*Department*] *of Corrections v. Maulsby*, 121 A.3d 585, 590 (Pa. Cmwlth. 2015)." R.R. at 1470a-1471a. Bay asserted that the violation of its "rights under §67.1101 is only exacerbated by the fact that the other parties of interest were notified of [Requesters'] appeal on August 1, 2017," and that, "with the exception of AES, [they] were given nearly four (4) months to gather evidence in support of their redactions, while BAY was provided only nine (9) days." *Id.* at 1471a. Bay

_____

[19] "Our standard of review of an OOR Final Determination is *de novo* and our scope of review is plenary." *Wishnefsky v. Pennsylvania Department of Corrections*, 144 A.3d 290, 294 n.7 (Pa. Cmwlth. 2016) (citation omitted). Although Bay petitioned for review of OOR's Final Determination, and not its denial of its Petition for Reconsideration, we may consider its contents and attachments related thereto as part of OOR's certified record. As this Court has explained:

> [The requester] seeks review of OOR's [] Final Determination and did not appeal from OOR's denial of his Petition for Reconsideration. OOR certified as part of the record all of the filings received from the parties including those which it received after the [] Final Determination. As we apply the broadest scope and standard of review under the RTKL, *see Bowling v. Office of Open Records*, [75 A.3d 453, 473-74 (Pa. 2013)], we may consider all of the materials certified to us.

*Id.* at 294 n.6.

claimed that "[t]his violation of law is further exacerbated by the fact that [DOH] allegedly used and submitted an exemption log to the OOR for BAY that it previously had in its possession"; "[i]n other words, BAY did not make a submission to [DOH] in connection with [Requesters' a]ppeal"; and "[t]hus, the OOR relied on a clear factual error where BAY did *not* make any particular submission to [DOH] in connection with [Requesters' a]ppeal." *Id.* (emphasis in original).

Accordingly, Bay concluded that the foregoing "amounts to an abuse of the OOR's discretion," and that "reconsideration is warranted" based on "a clear violation and error of law, where BAY was denied its statutory rights." R.R. at 1472a. Specifically:

> In light of [DOH]'s violation of §67.1101(c)(1), the fact that [DOH] submitted an unrelated exemption log to the OOR for BAY, and the extraordinary circumstances of allowing certain participants months to respond, while BAY was only given days, BAY requests that the OOR grant their petition for reconsideration and review the evidence which would have been submitted had the Company not been denied the statutory time period to submit information in support of its redactions.

*Id.* at 1471a-1472a.

Additionally, in support of the RTKL exemptions at issue herein, Bay appended the affidavit of its Chief Executive Officer Lutkewitte (Lutkewitte Aff.) to the Petition for Reconsideration that was executed before a notary public, and Lutkewitte verified the allegations in the Petition for Reconsideration and the Affidavit under the provisions of Section 4904 of the Crimes Code. R.R. at 1481a, 1483a-1497a. *See id.* at 1474a ("Given that reconsideration is warranted, BAY attaches the Lutkewitte Affidavit as the information and support it would have

23

provided had the OOR not violated Section 1101(c) of the RTKL.").[20]  In February 2018, OOR denied the Petition for Reconsideration by a three-sentence letter.  *Id.* at 1578a.

---

[20] With respect to the confidential proprietary information and trade secret exemptions asserted herein, the Petition for Reconsideration alleged the following, in relevant part:

> 50.    In the case of BAY, the Company has made significant efforts to maintain the secrecy of [its] information, including, but not limited to: (1) designating such information as confidential proprietary and/or trade secret at the time it was submitted to [DOH]; (2) directing employees that the information should not be shared with individuals outside of the Company, (3) developing proprietary software to ensure that certain functions of the Company are kept confidential; (4) limiting such information to certain individuals on a need-to-know only basis, [and] (5) agreeing to contractual obligations with third parties to maintain the confidentiality of the information, including but not limited to BAY's investors and/or consultants.  (*See* Lutkewitte Aff. [] ¶41).

> 51.    The efforts taken by BAY to maintain the confidentiality of the information contained in [its] application underscores the sensitive nature of this information and necessitates its non-disclosure.

> 52.    If competitors in the market, including the other applicants for medicinal marijuana permits, were to obtain this information it would cause significant harm to the competitive position of BAY.  (*See* Lutkewitte Aff. [] ¶37).

> 53.    BAY has clearly met the requirements of *Eiseman* and the RTKL regarding its redaction of confidential proprietary information and, as such, this information should remain redacted and not be subject to public disclosure pursuant to Section 708(b)(11).

> 54.    Additionally, 65 P.S. §67.102 exempts from disclosure any information which is deemed to be a "trade secret." A trade secret is defined as any "formula, drawing, pattern, compilation, including customer list, program, device, method,

**(Footnote continued on next page…)**

24

technique, or process" that derives economic value from not being generally known and is subject to reasonable efforts to maintain its confidentiality.

55.    In accordance with the RTKL exemption from public disclosure, BAY redacted information which contains trade secrets and would substantially harm their economic position if made available.  (*See* Lutkewitte Aff. [] ¶34).

56.    These redactions include but are not limited to:  (1) proposed financial commitments that are unique to BAY's overall investment and application strategy in Pennsylvania, (2) proposed security and surveillance measures that are specific to BAY and/or its investors' security methods, processes, and plans, (3) specialized cash-handling methods, processes, and plans which are only known to BAY investors, (4) specific storage methods and plans which allow BAY to provide a more stable environment for its product than its competitors, (5) inventory control programs which were specially developed by BAY for managing its dispensaries, (6) electronic tracking programs developed or used by BAY and/or its investors specifically for operating and managing medical marijuana dispensaries, (7) unique transportation route processes developed or used by BAY and/or its investors to ensure safe and efficient delivery to and from its medical marijuana dispensaries, (8) unique loss, theft, and diversion policies, plans, and methods which are unique to BAY and are not known by its competitors, (9) proposed safety and sanitation plans specific to BAY, [and] (10) specialized financial models and estimates which reveal BAY's independent financial strategy.  (*See* Lutkewitte Aff. [] ¶36).

57.    These "trade secrets" are not known outside of BAY's closest investors and employees and the Company has gone to substantial lengths to ensure the confidentiality of this information.  (*See* Lutkewitte Aff. [] ¶37).

58.    Maintaining confidentiality over this information is extremely important as BAY derives substantial advantages in the

**(Footnote continued on next page…)**

medical marijuana market through its use of specialized methods and practices. (*See* Lutkewitte Aff. [] ¶41).

59. If this information w[as] to be made public, BAY would suffer a substantial loss to its competitive position. Medical marijuana dispensaries within Pennsylvania, and/or dispensaries in the geographic regions where BAY and/or its investors operate, could take this information, if made public, and undercut BAY's position in the market. (*See* Lutkewitte Aff. [] ¶37).

60. BAY has taken reasonable efforts to ensure the confidentiality of this information, an effort which would prove futile if the OOR w[as] to allow public disclosure. (*See* Lutkewitte Aff. [] ¶41).

R.R. at 1474a-1476a.

With respect to the physical and security features exemption asserted herein, the Petition for Reconsideration alleged the following, in relevant part:

61. BAY's Application contains redacted information regarding the physical features of, and security measures to be installed at, BAY's medical marijuana dispensary. (*See* Lutkewitte Aff. at ¶34).

62. Pursuant to [DOH's] Regulations, this type of physical feature and security measure information is: (a) considered confidential information; (b) "not subject to the [RTKL]"; and (c) not to be released "unless pursuant to a court order." *See* 28 Pa. Code §1141.22(b), (b)(9).

63. Additionally, BAY relied on the DOH's Instructions that expressly provide that "Information regarding the physical features of, and security measures installed in, a facility" are "not subject" to the RTKL. (*See* Lutkewitte Aff. [] ¶13)[.]

64. Thus, physical feature and security measure information redacted from BAY's Application is not subject to the RTKL and, thus, is not subject of the [] RTKL Request or the []

**(Footnote continued on next page…)**

(continued…)

> RTKL Appeal and must not be disclosed unless disclosure is ordered by a court.
>
> 65. The OOR abused its discretion to the extent it found that this information was subject to public disclosure under the RTKL.
>
> 66. Additionally, the OOR's Final Determination does not amount to a court order and, thus, DOH is not obligated to release this information.

R.R. at 1476a-1477a.

With respect to the disclosure of the redacted personal information, the Petition for Reconsideration alleged the following, in relevant part:

> 67. BAY's Application also contains redacted personal information of BAY and/or its investors pursuant to Section 708(b)(6) of the RTKL and includes home addresses, phone numbers, e-mail addresses, dates of birth, social security numbers, driver's license numbers, and other confidential personal financial information. (*See* Lutkewitte Aff. [] ¶34).
>
> 68. This type of personal information and personal financial information is exempt from disclosure under the RTKL Section 708(b)(6) and Section 708(b)(26).

R.R. at 1477a.

Finally, Bay asserted that "[w]hile not addressed in the OOR's Final Determination, Pennsylvania plans to issue medical marijuana permits in two separate 'phases,'" wherein "[t]he initial phase ('Phase I') allowed [DOH] to run a 'trial period' during which it can determine how best to implement the dispensary and grower/processor programs," and that "[f]ollowing the review period, [DOH] will then solicit and issue additional grower-processor and dispensary applications under Phase II." R.R. at 1477a-1478a. Bay claimed that "[u]nder Phase I, the proposed grower/processor and/or dispensary vendors submitted applications to [DOH] and, based on the specifics [therein], were evaluated and awarded points [that] were then used to determine wh[ich] would be awarded or issued permits for Phase I." *Id.* at 1478a. Bay

**(Footnote continued on next page…)**

In this appeal, Bay claims: (1) OOR violated Section 1101.1(c)(1) of the RTKL by failing to provide the minimum statutory period of time for Bay to submit its direct interest evidence supporting its redactions in the instant records; (2) OOR failed to take "all necessary precautions"[21] before ordering the release of Bay's confidential proprietary information; and (3) OOR denied Bay its right to procedural due process in disposing of Requesters' appeal.

---

**(continued…)**

contended that "[i]f, however, the OOR permits the public disclosure of the information contained in the Phase I applications . . . , this information will no doubt be utilized by competitors to obtain an advantage in the second round of applications (*i.e.*, Phase II)," thereby "seriously decreas[ing] the competitive nature and taint[ing] Phase II, giv[ing] the other applicants an unfair advantage in Phase II, and . . . seriously prejudice[ing] BAY, wh[ich] submitted a successful application in Phase I, moving forward." *Id.* Bay argued that "Section 708(b)(26) of the . . . RTKL exempts from disclosure '[a] proposal pertaining to agency procurement or disposal of supplies, service or construction *prior* to the award of the contract or prior to the opening and rejection of all bids[,]' (emphasis added)," and that its purpose "is to protect certain information contained in a bid or proposal from disclosure before the procurement concludes because it could be used by competitors to gain an unfair advantage or reduce competition in the procurement." *Id.* at 1479a. Based on the foregoing, "BAY submits that the Phase I applications should remain exempt from disclosure in their entirety at least until Phase II of the application process is complete" because "maintaining confidentiality for a set time period (*i.e.*, until the closure of Phase II) would in no way run afoul of the requirements of the Act." *Id.*

[21] *See Bari*, 20 A.3d at 648, wherein this Court stated:

> Releasing potentially confidential information of a private entity based solely on an agency's failure to adequately defend a RTKL request could have serious due process implications. For this reason, OOR should take all necessary precautions, such as conducting a hearing or performing *in camera* review, before providing access to information which is claimed to reveal "confidential proprietary information" under Section 708(b)(11) of the RTKL.

28

**IV.**

As this Court has explained:

This Court construes the RTKL to afford due process to third parties, including the ability to submit evidence and assert exemptions at the appeals officer level. *Maulsby*; *W. Chester Univ. v. Schackner (Bravo)*, 124 A.3d 382 (Pa. Cmwlth. 2015). When a RTKL request seeks confidential proprietary information that a third party submitted to an agency, we recognize that third party's right to due process before disclosure. *See, e.g.*, [*Bari*] (remanding for hearing so third party may prove exception).

In the RTKL context, a right to due process does not entail a right to a hearing. *Giurintano v. Dep't of Gen. Servs.*, 20 A.3d 613 (Pa. Cmwlth. 2011). The essential elements for due process before an OOR appeals officer are notice and an opportunity to be heard. *Wishnefsky v. Pennsylvania Department of Corrections*, 144 A.3d 290, 295 (Pa. Cmwlth. 2016) (citation omitted). An appeals officer has discretion in developing the record to allow meaningful appellate review. [*Pennsylvania Department of Education v. Bagwell*, 131 A.3d 638 (Pa. Cmwlth. 2015)]. To develop the record, an appeals officer may undertake *in camera* review or request submissions as to material facts. *Id.*; *Office of Open Records v. Center Twp.*, 95 A.3d 354 (Pa. Cmwlth. 2014) (en banc).

*Voltz*, 163 A.3d at 490-91.

Likewise, in *Bagwell*, 131 A.3d at 650, this Court stated:

At a minimum, third parties may submit evidence before the initial fact-finder to show an interest in shielding certain information from disclosure. *See, e.g.*, *PSEA* (relating to protection of home addresses under the personal security exception, Section 708(b)(1)(ii); *Maulsby* (relating to protecting confidential proprietary information under the trade secrets exception, Section 708(b)(11)).

29

Under these circumstances, when [the school] had no opportunity to review records in the Department[ of Education's] possession to which OOR's disclosure order applied, [the school] established a deprivation of due process that merits a remand. In its direct interest statement, [the school] explained its inability to submit evidence as to the 644 records potentially at issue. Thus, [the school] did not have a meaningful opportunity to be heard before the initial fact-finder. Accordingly, we remand this matter to OOR to allow [the school] a meaningful opportunity to preserve its privilege. *See* [*State Employees' Retirement System v. Fultz*, 107 A.3d 860, 872 (Pa. Cmwlth. 2015)] (remanding for OOR to consider employees' direct interest submissions).

As in *Bagwell*, in the instant matter, Bay also did not have a meaningful opportunity to be heard before the initial fact-finder. Unlike the other Petitioners in this matter, DOH's failure to notify Bay of Requesters' appeal in July 2017, as directed to do so by OOR, prevented Bay from participating in the proceedings for over a four-month period of time. When Bay was ultimately notified of the appeal, and permitted to request to participate in the proceedings as specifically provided in Section 1101(c)(1), OOR failed to afford Bay the statutorily required period of time to adequately respond to the issues raised in Requesters' appeal. After OOR proceeded to issue a Final Determination in spite of this manifest due process violation, Bay filed the Petition for Reconsideration outlining its legal arguments and provided a sworn affidavit in support of its assertions only to be tersely rebuffed yet again by OOR. Under such circumstances, we are compelled to vacate OOR's Final Determination and remand the matter to OOR to consider the contents of Bay's Petition for Reconsideration on the merits.

In addition, and quite importantly, during the pendency of the instant appeal, this Court issued an *en banc* opinion in *Mission Pennsylvania, LLC*,

30

addressing the same issues raised herein and controlling their disposition by OOR. As a result, OOR is directed to issue a new Final Determination disposing of Requesters' appeal specifically addressing the contents of Bay's Petition for Reconsideration and the application of *Mission Pennsylvania, LLC* with respect to all of the records that are requested herein. *See* Section 706 of the Judicial Code, 42 Pa. C.S. §706 ("An appellate court may . . . vacate . . . any order brought before it for review, and may remand the matter and . . . require such further proceedings to be had as may be just under the circumstances.").[22]

Accordingly, OOR's Final Determination is vacated, and the matter is remanded to OOR for proceedings consistent with the foregoing opinion.[23]

_____
MICHAEL H. WOJCIK, Judge

---

[22] As always, in disposing of Requesters' appeal, it is within OOR's discretion regarding the necessity of conducting a hearing or *in camera* review in developing an adequate evidentiary record. Sections 1101(b)(3), 1102(a)(2) of the RTKL, 65 P.S. §67.1101(b)(3), 1102(a)(2); *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 59-60 (Pa. Cmwlth. 2016).

[23] Based upon our disposition of these issues, we will not reach the other claims raised in these appeals.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PharmaCann Penn LLC,           :
                                              :

                 Petitioner    :

                                                :

              v.            :  No. 172 C.D. 2018

                                                :

Christopher Ullery and Calkins  :
Media,                                :

                                              :

               Respondents  :

AES Compassionate Care, LLC,   :

                                              :

               Petitioner    :

                                              :

              v.            :  No. 173 C.D. 2018

                                                :

Christopher Ullery and Calkins Media,  :

                                              :

               Respondents  :

Chamounix Ventures, LLC,       :

                                              :

               Petitioner    :

                                              :

              v.            :  No. 174 C.D. 2018

                                                :

Christopher Ullery and Calkins Media,  :

                                              :

               Respondents  :

Bay LLC,                        :

                                              :

               Petitioner    :

                                              :

              v.            :  No. 183 C.D. 2018

                                              :

Christopher Ullery and Calkins Media,  :

                                              :

               Respondents  :

SMPB Retail, LLC,             :
                                   :
                Petitioner    :
                                     :
            v.              : No. 184 C.D. 2018
                                     :
Christopher Ullery and Calkins Media,  :
                                     :
                                     :
           Respondents   :

# **O R D E R**

AND NOW, this <u>16</u>th day of <u>October</u>, 2019, the Final Determination of the Office of Open Records dated January 11, 2018, is VACATED and the matter is remanded to the Office of Open Records for proceedings consistent with the foregoing opinion.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge